Brett Arnold LAINE, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A09–323.

Supreme Court of Minnesota.

Aug. 5, 2010.

Craig E. Cascarano, Cascarano Law Office, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Melanie S. Ford, St. Louis County Attorney, Mark S. Rubin, Assistant County Attorney, Duluth, MN, for respondent.

## OPINION

MEYER, Justice.

Brett Arnold Laine was convicted of first-degree domestic abuse murder for the death of his girlfriend, Nancy Jagunich. We stayed his direct appeal while he pursued postconviction relief. On September 24, 2004, Laine filed his first petition for postconviction relief, claiming ineffective assistance of counsel and denial of a fair trial. The court denied the petition and Laine did not appeal the denial. After lifting the stay of his direct appeal, we affirmed the conviction. *State v. Laine,* 715 N.W.2d 425 (Minn.2006). On July 21, 2008, Laine filed a second petition for post-conviction relief. The district court denied the petition without a hearing. We affirm.

The facts of this case are fully set forth in our previous opinion. *See id.* at 428. Briefly, Laine called 911 and reported that his girlfriend had fallen down the stairs and was unresponsive. He told the officers that after Jagunich fell, he moved her to another level of the home, laundered both sets of their clothes, and cleaned the blood from the landing at the bottom of the stairs.

At trial, the State presented medical expert testimony establishing that the pattern of injuries on Jagunich's face and body were inconsistent with a fall down the stairs. The medical examiner testified that Jagunich died from significant hemor-rhaging as a result of multiple areas of blunt trauma to the head. In his opinion, the fatal injuries could not have been caused by a fall down the stairs and the injuries were the type of injuries a person could inflict with a fist. Physical evidence at the scene was consistent with trauma occurring in at least two locations of the home; both the upper level of the home and the landing at the base of the stairs. To establish a past pattern of domestic abuse, the State presented the testimony of Laine's ex-wives and testimony from friends and coworkers of the victim. There was significant testimony by both of Laine's ex-wives that he had violently attacked them in the past.

On direct appeal, we denied Laine's claim of insufficient evidence. We also rejected five other bases for reversal, primarily involving jury instructions. *Id.* at 430–35.

In this petition for postconviction relief, Laine sought relief based upon (1) newly discovered evidence; (2) ineffective assistance of counsel; and (3) a violation of his Sixth Amendment right to confront witnesses against him. The postconviction court declined to grant Laine relief based on any of the issues raised.

■ A postconviction court is required to hold an evidentiary hearing and make findings of fact and conclusions of law unless the petition, files, and records conclusively show that the petitioner is entitled to no relief. Minn.Stat. § 590.04, subd. 1 (2008). No evidentiary hearing is required if the petitioner fails to allege facts sufficient to entitle him to relief. *See Wayne v. State,* 747 N.W.2d 564, 565–66 (Minn.2008). Allegations must be "more than argumentative assertions without factual support" to require an evidentiary hearing. *Rainer v. State,* 566 N.W.2d 692, 695 (Minn.1997).

After a defendant's conviction has been reviewed on direct appeal, " 'matters raised' " and " 'claims known but not raised' " in the direct appeal will not be considered in subsequent petitions for postconviction relief because they are *Knaffla*-barred. *Jihad v. State*, 714 N.W.2d 445, 447 (Minn.2006) (quoting *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)); *see also* Minn. Stat. § 590.01, subd. 1(2) (2008). There are only two exceptions to this rule. A petition is not *Knaffla*-barred if a novel legal issue is presented or the interests of justice require review and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *Wright v. State*, 765 N.W.2d 85, 90 (Minn.2009).

*Newly Discovered Evidence*

When determining whether to grant a new trial based on newly discovered evidence, a defendant must prove that the evidence was not known to the defendant or his counsel during trial; could not have been discovered through due diligence before trial; is not cumulative, impeaching, or doubtful; and would probably produce an acquittal or more favorable result. *Quick v. State*, 757 N.W.2d 278, 281 (Minn.2008) (holding, based on the four factors listed, that the postconviction court did not abuse its discretion in denying Quick's postconviction petition without an evidentiary hearing). Laine claims four pieces of newly discovered evidence.

First, Laine contends that one of his ex-wives who testified at trial "will now testify that there are other facts and circumstances surrounding her relationship with [Laine] which if presented to a jury would have made a difference in the outcome [of the trial]." We have held that a memorandum written by a defense investigator declaring that a witness provided different information to the investigator than the witness provided at trial was insufficient to warrant an evidentiary hearing. *State v. Ferguson*, 742 N.W.2d 651, 659–60 (Minn.2007). Laine's claim is similarly unsupported and thus does not entitle him to an evidentiary hearing.

Second, Laine argues that newly discovered evidence shows that a break in the chain of custody compromised the victim's blood samples. The issue of the blood samples was addressed at trial and was known and could have been raised on Laine's direct appeal. Therefore, this claim is *Knaffla*-barred.

The third piece of newly discovered evidence is Laine's unsupported assertion that he has recently been diagnosed with an obsessive-compulsive disorder. He asserts that his formal diagnosis of obsessive-compulsive disorder would partially explain why his house was clean when officers arrived. The postconviction court acknowledged that Laine had not previously raised the obsessive-compulsive disorder issue, but concluded that other testimony at trial showed Laine's "compulsion to clean" and explained his cleaning activity prior to calling 911. The court concluded that the evidence is not the type that would indicate a change in the outcome of trial. We agree. Laine's diagnosis does not warrant an evidentiary hearing because his behavior was widely known and could have been discovered through due diligence before trial. Moreover, because the jury already received information regarding Laine's obsessive-compulsive behavior, the diagnosis would likely not produce an acquittal or a more favorable result for Laine.

Finally, Laine asserts that he now has medical testimony that will offer an alternative explanation for the death of Nancy Jagunich, which would be inconsistent with domestic assault. Laine offers

no support for his assertion. He did not identify potential medical experts, nor did he explain what alternative theories the new testimony might offer. Such an "argumentative assertion" does not warrant an evidentiary hearing. *See Rainer,* 566 N.W.2d at 695. Even if Laine had provided sufficient factual support, the issue is *Knaffla*-barred because it was raised in his first petition.

### Ineffective Assistance of Counsel

Laine also alleges that he is entitled to postconviction relief because he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that the outcome would have been different but for the counsel's errors. *State v. Rhodes,* 657 N.W.2d 823, 842 (Minn.2003).

Laine argues that his attorney failed to prepare Laine to testify, causing him to recant an earlier statement on the witness stand. Laine concedes that he knew about the ineffective-assistance-of-counsel claim on direct appeal. But he asserts that we should still consider the claim in the interests of justice. The State argues that the issue is *Knaffla*-barred, that Laine had competent counsel, that the record is sufficient to determine the issue, and that no evidentiary hearing is required.

As Laine concedes, his ineffective-assistance-of-counsel claim is *Knaffla*-barred. The interests-of-justice exception does not apply. The record reflects that Laine's attorney's performance did not fall below an objective standard of reasonableness. Moreover, given the strong evidence against Laine, any potential weakness in the attorney's performance likely did not affect the case's outcome.

### Violation of Sixth Amendment

■ Laine argues that the postconviction court erred in not granting him a new trial based on the case of *Giles v. California,* — U.S. ——, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008). Laine alleges that the State introduced out-of-court statements by Jagunich to show prior acts of domestic abuse and that the statements were testimonial because they were made to friends, family, law enforcement, and others for use in later litigation. Such statements, Laine argues, violate the petitioner's Sixth Amendment right to confront witnesses against him under *Giles*.

The postconviction court rejected Laine's argument and concluded:

This case is very different from *Giles*, ... where the victim had made statements to a police officer describing an earlier incident of abuse by the defendant. In this case, the statements were made to friends and co-workers. None of the statements were made to law enforcement. As a result, the statements were non-testimonial, admissible at trial and did not implicate *Crawford* [*v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), upon which *Giles* relies].

We agree with the postconviction court that *Giles* does not stand for the proposition represented by Laine. Nowhere does *Giles* conclude that statements made by domestic abuse victims to friends and co-workers are considered to be testimonial in nature and protected by the *Crawford* doctrine of prior testimonial statements. Accordingly, the postconviction court did not err in denying a new trial based on the *Giles* case.

■ Finally, Laine argues his conviction should be reversed because certain incidents of past abuse were not sufficiently proximate in time to be part of a pattern

of domestic abuse. This claim is *Knaffla*-barred. Laine could have argued on direct appeal, but did not, that some of the incidents of domestic abuse should have been excluded. Further, even if some incidents were arguably inadmissible, the postconviction court concluded that, taken as a whole, the most recent incidents of domestic abuse amounted to overwhelming evidence of a past pattern of domestic abuse. We agree and conclude that the postconviction court did not abuse its discretion in denying a new trial based on the claim that past incidents of abuse were inadmissible.

Affirmed.

STRAS, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.