Milton K. SANDERS, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. A10–619.

Supreme Court of Minnesota.

Dec. 2, 2010.

Milton K. Sanders, Bayport, MN, pro se.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Michael K. Walz, Assistant County Attorney, Minneapolis, MN, for respondent.

OPINION

MEYER, Justice.

Appellant Milton K. Sanders was convicted of the shooting death of Maurice

Wilson and the wounding of Laverne David Roberts and Cordell Watts. A detailed statement of the facts describing the crimes that form the basis of this appeal is set forth in Sanders' direct appeal at *State v. Sanders (Sanders I)*, 598 N.W.2d 650, 652–53 (Minn.1999).

Briefly stated, Sanders was indicted by a grand jury on one count of first-degree murder and two counts of attempted first-degree murder. At trial, the State presented evidence that included (1) Sanders' fingerprints on a black plastic garbage bag containing the murder weapon; (2) testimony of witnesses who observed Sanders preparing for the crime; (3) testimony of witnesses who heard Sanders or his accomplice state, before the crime, "we're going to go handle our business"; (4) testimony of eyewitnesses who saw the shooting; (5) testimony of eyewitnesses who saw Sanders leave the scene of the crime with the weapon wrapped in a black plastic garbage bag; (6) testimony of a witness who heard Sanders bragging that "he just killed somebody and he needed to finish somebody off"; (7) testimony of a witness who drove Sanders to retrieve the murder weapon; and (8) testimony by a sheriff's deputy who heard Sanders "brag to another inmate that he had 'shot the bitch point blank.'" *Sanders I*, 598 N.W.2d at 655–56. The jury found Sanders guilty of all three counts. *Id.* at 654. The trial court entered convictions on all three counts on June 5, 1998, and sentenced Sanders to life and two consecutive 180–month sentences.

In his direct appeal, Sanders asserted that (1) the trial court abused its discretion by denying Sanders' additional requests for a continuance; (2) there was insufficient evidence to support Sanders' convictions; (3) the prosecution committed misconduct in closing arguments; and (4) the trial court abused its discretion by imposing consecutive sentences for Sanders' con-

victions. *Id.* at 652. To support his claim that the trial court abused its discretion by denying his requests for a continuance, Sanders asserted that because Sanders' trial counsel only had 19 days to prepare for trial and suffered from a hearing problem, Sanders was denied a fair trial. *Id.* at 654–55. We concluded that the trial court did not abuse its discretion by denying Sanders' motions. *Id.* at 655. Further, after an independent review of the record, we determined that there was sufficient evidence to support Sanders' convictions and affirmed the convictions. *Id.* at 655–56.

Sanders filed his first petition for postconviction relief in 2000. Sanders claimed that (1) his Confrontation Clause rights were violated at trial; (2) his trial and appellate counsel were ineffective; (3) the prosecution committed misconduct; and (4) the postconviction court abused its discretion by failing to provide an evidentiary hearing on the issue of whether Sanders had the right to be present at his pretrial hearing. The postconviction court "considered the arguments Sanders raised" but denied Sanders relief without holding an evidentiary hearing. *Sanders v. State (Sanders II)*, 628 N.W.2d 597, 599 (2001). We affirmed the postconviction court's decision on the basis that Sanders' claims were barred by the rule set forth in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), and Sanders did not demonstrate why fairness required consideration of his arguments. *Sanders II*, 628 N.W.2d at 600–01.

Sanders filed a second petition for postconviction relief on March 5, 2010. Sanders alleged that (1) he received ineffective assistance of trial counsel; (2) the trial court abused its discretion by denying Sanders' third and fourth continuance motions; (3) there was insufficient evidence to support the convictions; (4) the trial

court erroneously instructed the jury on the theory of aiding and abetting and transferred intent; (5) the trial court erred by allowing "non-self-inculpatory" witness statements; and (6) the court's prior application of *Knaffla* to deny Sanders postconviction relief violated Sanders' due process rights. Sanders also made cursory references, without explanation, to judicial bias, systemic racial discrimination, and improper prosecutorial interaction with witnesses. The State responded that Sanders' claims were either time-barred or barred by *Knaffla*. The postconviction court denied Sanders' second petition for postconviction relief on the basis that it was time-barred by Minn.Stat. § 590.01, subd. 4 (2008), and did not meet any of the statutory exceptions. Sanders appealed the denial of his second postconviction petition directly to this court.

On appeal, we generally review the denial of a postconviction petition for abuse of discretion. *Francis v. State*, 781 N.W.2d 892, 896 (Minn.2010) (citing *Roby v. State*, 531 N.W.2d 482, 483 (Minn.1995)). We review the postconviction court's legal determinations supporting the denial de novo. *Nunn v. State*, 753 N.W.2d 657, 660 (Minn.2008).

The dispositive issue in this case is whether Sanders' petition was time-barred by Minn.Stat. § 590.01, subd. 4 (2008). When no direct appeal is available, a person who claims that his conviction was obtained in violation of a law or constitutional provision may petition the court of conviction to vacate or set aside the judgment or provide other relief. Minn.Stat. § 590.01, subd. 1 (2008). A postconviction court must conduct an evidentiary hearing on a petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2008). However, postconviction relief un-

der chapter 590 "is predicated on compliance with the procedural requirements set forth" in the statute. *Barnes v. State*, 768 N.W.2d 359, 363 (Minn.2009) (citing *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741).

Sanders' postconviction petition does not comply with the procedural requirements set forth in chapter 590 because it was not timely filed. Minnesota Statutes § 590.01, subd. 4(a), states: "No petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." When the Minnesota Legislature enacted this time bar in 2005, it provided a two-year "safe harbor period" to allow persons convicted before the enactment of this provision to timely petition for postconviction relief. Act of August 1, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097–98 (codified as amended at Minn.Stat. § 590.01 (2008)). Section 590.01 also allows a postconviction court to hear an untimely petition if a statutory exception applies. Minn.Stat. § 590.01, subd. 4(b). Relevant exceptions include allegations of newly discovered evidence not ascertainable within the two-year period, *id.*, subd. 4(b)(2), assertions of new interpretations of law that should be applied retroactively, *id.*, subd. 4(b)(3), and petitions that establish to the court that the petition is not frivolous and is in the interest of justice, *id.*, subd. 4(b)(5).

We affirmed Sanders' conviction on direct appeal in an opinion issued July 29, 1999, and entered judgment in accordance with that opinion on September 8, 1999. Therefore, Sanders' time to file his petition for postconviction relief lapsed on September 8, 2001, under Minn.Stat. § 590.01, subd. 4(a)(2). However, Sanders was convicted in 1998, seven years before the Minn.Stat. § 590.01 time-bar was enacted,

so the safe harbor provision allowed Sanders two years from the August 1, 2005, enactment date to timely file his postconviction petition. *See* Ch. 136, art. 14, § 13, 2005 Minn. Laws at 1097–98. Sanders' time to file under the safe harbor provision, as a result, expired on August 1, 2007. Because Sanders did not file the current petition until March 5, 2010, his petition is time-barred.

The final question is whether Sanders' untimely petition meets any of the statutory exceptions. Sanders implies for the first time on appeal that the postconviction court should have considered his petition, despite the late filing, because "newly discovered evidence" was not revealed to Sanders within the statutory period. When a petitioner asserts that he is entitled to postconviction relief based on newly discovered evidence, he "must prove that the evidence was not known to the defendant or his counsel during trial; could not have been discovered through due diligence before trial; is not cumulative, impeaching, or doubtful; and would probably produce an acquittal or more favorable result." *Laine v. State,* 786 N.W.2d 635, 638 (Minn.2010); *see also* Minn.Stat. § 590.01, subd. 4(b)(2).

But Sanders does not even describe what newly discovered evidence merits the application of the exception to hear his claim, let alone prove that the alleged evidence "was not known to [Sanders] or his counsel before trial; could not have been discovered through due diligence before trial; is not cumulative, impeaching, or doubtful"; and would have produced a more favorable result at trial. *See Laine,* 786 N.W.2d at 638. Additionally, Sanders does not allege that a new interpretation of law applies, that his petition is not frivolous and the interests of justice preclude the application of the time bar, or that any other exception applies to allow the post-conviction court to hear Sanders' untimely petition. *See* Minn.Stat. § 590.01, subds. 4(b)(1)-(5).

In sum, we hold that the postconviction court did not abuse its discretion by denying Sanders' petition for postconviction relief without holding an evidentiary hearing because Sanders filed his petition almost three years after the statutorily mandated time period lapsed, and no exception to the time-bar applies.

Affirmed.