*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0692**

Izell Wright Robinson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 9, 2016
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 24CR1123965

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Izell Wright Robinson, Bayport, Minnesota (pro se appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Tracy Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

Appellant challenges the postconviction court's denial of his petition for postconviction relief, raising numerous issues. Because the postconviction court did not abuse its discretion by determining that appellant is not entitled to relief, we affirm.

**FACTS**

In 2012, a jury found appellant Izell Wright Robinson guilty of two counts of first-degree criminal sexual conduct and one count of kidnapping. The district court sentenced appellant to 202 months in prison. Appellant filed a direct appeal, arguing that the district court erred by admitting evidence of a threatening voicemail, by allowing improper in-court jury deliberations, and by ordering restitution when there was an insufficient factual basis supporting the award. *State v. Robinson*, No. A12-1638, 2013 WL 5508141 (Minn. App. 2013), *review denied* (Minn. Dec. 17, 2013). Appellant also filed a pro se brief in which he asserted several arguments, including that the police destroyed exculpatory evidence by auctioning off his car. This court affirmed appellant's convictions but reversed and remanded on the issue of the restitution award. *Id.*

On May 19, 2014, appellant filed a petition for postconviction relief, to which he filed an addendum on June 16, 2014. On September 2, 2014, the postconviction court issued an order concluding that appellant's claims lacked merit and denying postconviction relief. The postconviction court subsequently became aware that appellant filed an addendum to his postconviction petition raising additional issues. On February 23, 2015, the postconviction court issued a second order concluding that appellant's ineffective-assistance-of-appellate-counsel claim lacked merit, denying appellant an evidentiary hearing, and reducing the amount of the restitution award. This appeal follows.

**D E C I S I O N**

A person convicted of a crime who claims that the conviction violates his rights under the Constitution or laws of the United States or Minnesota may petition for postconviction relief unless direct appellate relief is available. Minn. Stat. § 590.01, subd. 1 (2014).

> Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief, the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting appropriate relief.

Minn. Stat. § 590.04, subd. 1 (2014). "[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *see also* Minn. Stat. § 590.04, subd. 3 (2014) ("The court may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and may summarily deny a petition when the issues raised in it have previously been decided by [an appellate court] in the same case."). The *Knaffla* rule "precludes consideration of all claims which appellant should have known but did not raise at the time of an earlier review." *Quick v. State*, 757 N.W.2d 278, 280 (Minn. 2008). "There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (quotation omitted).

3

"We review the denial of postconviction relief for abuse of discretion." *Wayne v. State*, 860 N.W.2d 702, 704 (Minn. 2015). "[A] matter will not be reversed unless the postconviction court exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Id.* (quotation omitted).

Appellant asserts that the postconviction court erred by denying him postconviction relief. We address each of the six arguments appellant raised in turn.[1]

## I.

Appellant first argues that a trial witness was impermissibly allowed to testify about a voicemail without proper foundation first having been laid. We disagree.

The postconviction court appropriately exercised its discretion in determining that this claim lacks merit. Because appellant raised this issue in his previous direct appeal, this argument is barred by *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741. Appellant asserts, however, that his argument falls under one of the *Knaffla* exceptions because it is based on new legal principles set forth in *State v. Yoeun*, No. A12-1987, 2013 WL

---

[1] In addition to his primary arguments, throughout his brief, appellant takes issue with the sufficiency of the evidence underlying his conviction. Appellant raised this issue as part of his previous appeal, and we will not undertake that analysis again. Similarly, appellant challenges the postconviction court's credibility determinations. We give great deference to the postconviction court's credibility determinations. *See Doppler v. State*, 771 N.W.2d 867, 875 (Minn. 2009). Finally, appellant argues in his reply brief that, as a pro se party, he should not be held to the same standard as an attorney. But this argument is belied by appellant's well-organized, well-supported principal brief. Therefore, we decline to depart from the general rule that pro se parties are held to the same standard as attorneys in presenting their case on appeal. *Francis v. State*, 781 N.W.2d 892, 896 (Minn. 2010).

6196553 (Minn. App. Nov. 25, 2013). But *Yoeun* is unpublished and therefore not binding. Minn. Stat. § 480A.08, subd. 3 (2014). Furthermore, *Yoeun* did not establish a new legal principle; it applied long-standing legal precedent. Appellant implicitly acknowledges this by citing *Furlev Sales & Assocs., Inc. v. N. Am. Auto. Warehouse, Inc.*, 325 N.W.2d 20, 27 n. 9 (Minn. 1982), and *Turnage v. State*, 708 N.W.2d 535, 542 (Minn. 2006), both of which were cited in *Yoeun*. Therefore, no *Knaffla* exception applies, and appellant's claim is precluded on that basis.

Moreover, *Yoeun* has no bearing on appellant's case. *Yoeun* addresses the foundational requirements for a recording that is played for the jury and admitted into evidence. Here, the complained-of voicemail was neither played for the jury nor admitted into evidence. One witness testified about the voicemail for the purpose of illustrating its impact on the witness's mental state. Accordingly, as the postconviction court correctly determined, the foundational requirements discussed in *Yoeun* are inapplicable.

## II.

Appellant next argues that this court applied the wrong harmless-error standard to his previous appeal. Appellant's argument is misguided. The issues appellant raised in his prior appeal were not raised at trial. As such, this court correctly applied the plain-error standard of review. Minn. R. Crim. P. 31.02. Moreover, the postconviction court did not have the authority to correct any alleged errors in this court's opinion. The proper forum for appellant to seek relief from an erroneous decision of this court was with the state Minnesota Supreme Court, which appellant did, and the supreme court denied his

5

petition for review. Minn. Const. art. VI, § 2; Minn. R. Civ. App. P. 117; Minn. R. Crim. P. 29.04.

## III.

Appellant argues that he was denied the opportunity to present a complete defense because the state disposed of his vehicle, a key piece of exculpatory evidence according to appellant. The postconviction court correctly determined that this argument is *Knaffla*-barred. Appellant raised this issue in his previous appeal, and we determined it lacked merit. *Robinson*, 2013 WL 5508141, at *6. Appellant is now precluded from asserting the same argument.

## IV.

Appellant next contends that the postconviction court erred by excluding relevant evidence of a prior relationship between himself and the victim. The postconviction court correctly determined that this claim is *Knaffla*-barred. Appellant was aware of the facts supporting this argument at the time of his previous direct appeal and did not allege that either *Knaffla* exception applies. *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

## V.

Appellant alleges that the postconviction court erred by allowing the jury to deliberate in the courtroom while watching a video replay. In support of this argument, appellant submitted a letter from an individual who was in the courtroom during appellant's trial and avers that he heard the jurors deliberating.

Appellant raised this issue in his first direct appeal. Because appellant failed to object to the alleged improper jury deliberations at trial, we reviewed appellant's

6

argument for plain error.  *Robinson*, 2013 WL 5508141, at *5.  We concluded that appellant was not prejudiced by the improper jury deliberations.  *Id.*  Accordingly, this argument is *Knaffla*-barred and we decline to undertake this analysis again.

Appellant appears to argue that the letter constitutes newly discovered evidence but does not allege that one of the *Knaffla* exceptions applies.  *Laine v. State*, 786 N.W.2d 635, 638 (Minn. 2010).  Nevertheless, even if we were to address this argument under the interests-of-justice exception, it is without merit.  The interests-of-justice exception "applies if fairness requires it and the petitioner did not deliberately and inexcusably fail to raise the claim on direct appeal."  *Perry v. State*, 731 N.W.2d 143, 146 (Minn. 2007).  When determining whether to grant a new trial based on newly discovered evidence, a defendant must prove that the evidence: (1) was not known to appellant or his counsel during trial; (2) could not have been discovered through due diligence before trial; (3) is not cumulative, impeaching, or doubtful; and (4) would probably produce an acquittal or more favorable result.  *Bobo v. State*, 860 N.W.2d 681, 684 (Minn. 2015).  Appellant cannot satisfy the fourth factor.

The letter alleges nothing more than that the jurors made brief comments about what they were seeing on the video.[2]  The district court judge immediately ordered the jurors to stop talking, which the letter acknowledges.  Importantly, the letter provides no new evidence as to the events which gave rise to appellant's conviction.  Appellant therefore did not provide new evidence that would have produced an acquittal or more

---

[2] The letter alleges that one juror said to another juror, "There is something in his hand."

7

favorable result.  As such, the postconviction court correctly determined that the letter does not provide a basis for granting appellant postconviction relief.

## VI.

Lastly, appellant argues that he received ineffective assistance of counsel.[3]  We are not persuaded.

The postconviction court concluded that appellant's ineffective-assistance-of-appellate-counsel claim, which was based on his appellate counsel's failure to argue that appellant received ineffective assistance of trial counsel, failed because appellant did not prove that his trial counsel was ineffective.  *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007) ("When an ineffective assistance of appellate counsel claim is based on appellate counsel's failure to raise an ineffective assistance of trial counsel claim, the appellant must first show that trial counsel was ineffective.").  On appeal, appellant appears to be arguing that he received ineffective assistance of trial counsel.  We construe appellant's arguments regarding his trial counsel as disputing the postconviction court's conclusion that he failed to allege a viable ineffective-assistance-of-appellate-counsel claim.[4]

---

[3] Appellant included this argument in his addendum because his principal brief exceeded the word and page count limitations set forth in Minn. R. Civ. App. P. 132.01, subd. 3. We therefore need not consider this argument.  Nevertheless, appellant's argument is meritless.

[4] On appeal, appellant does not explicitly dispute the postconviction court's determination regarding his ineffective-assistance-of-appellate-counsel claim. Nevertheless, appellant did raise such a claim in his postconviction petition.  Therefore, we construe appellant's assertions regarding his trial counsel as supporting his ineffective-assistance-of-appellate-counsel argument.

8

When asserting a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test: "(1) that trial counsel's performance fell below an objective standard of reasonableness; and (2) that a reasonable probability exists that, but for counsel's errors, the outcome . . . would have been different." *State v. Radke*, 821 N.W.2d 316, 323 (Minn. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)). We review ineffective-assistance-of-counsel claims de novo. *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003). Appellant has the burden of demonstrating both prongs of the *Strickland* test. *Id.* at 844. We need not address both prongs if one is dispositive. *Andersen v. State*, 830 N.W.2d 1, 10 (Minn. 2013).

Appellant cannot establish that his trial counsel's performance fell below an objective standard of reasonableness. Appellant takes issue with his trial counsel's failure to investigate, interview, and call certain witnesses. But these arguments all address counsel's trial strategy. We give great deference to counsel's selected trial strategy and generally do not review ineffective-assistance-of-counsel claims based on trial strategy. *See id.* at 10; *see also State v. Opsahl*, 677 N.W.2d 414, 421 (Minn. 2004) ("Our reluctance to scrutinize trial tactics is grounded in the public policy of allowing counsel to have the flexibility to represent a client to the fullest extent possible." (quotation omitted)). We decline to depart from the general rule in this instance and therefore conclude that the postconviction court correctly dismissed appellant's ineffective-assistance-of-counsel claims as lacking merit.

**Affirmed.**