Michael WAYNE, Appellant,

v.

STATE of Minnesota, Respondent.

No. CX–99–231.

Supreme Court of Minnesota.

Oct. 21, 1999.

Rehearing Denied Dec. 18, 1999.

Michael Wayne, pro se.

Larry M. Collins, Waseca County Attorney, Waseca, Mike Hatch, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, for respondent.

## OPINION

STRINGER, Justice.

■ On March 7, 1987 Michael Wayne, appellant, was convicted by the Waseca County District Court of first- and second-degree murder pursuant to Minn.Stat. §§ 609.185 and 609.19 for the death of Mona Armendariz. Appellant filed this third petition for postconviction relief on September 3, 1998, raising five issues including a request for DNA testing of blood-stained clothing relied on by the prosecutor at trial. The postconviction court ordered DNA testing and as the results were consistent with those earlier obtained by electrophoretic typing and the petition raised no other issue entitling appellant to a hearing, postconviction relief was denied. We affirm.

In addition to the issue relating to DNA testing, appellant addressed four other claims in his petition involving an affidavit implicating Wade Abraham in the murder, a knife found by the police near the crime scene, improper jury selection and compo-

sition, and insufficient evidence to support the conviction.

We have twice before reviewed petitions for postconviction relief filed by appellant. In *State v. Fenney*,[1] we held, inter alia, that sufficient evidence supported the jury verdict, that the postconviction court did not abuse its discretion in denying a new trial based on new evidence and that the electrophoretic typing of blood stains was admissible evidence. 448 N.W.2d 54, 61–2 (Minn.1989). Later in *Wayne v. State* we concluded that a statement implicating third parties in the murder did not constitute newly discovered evidence entitling appellant to a new trial because it was not material and would not change the outcome of the trial.[2] 498 N.W.2d 446, 447–48 (Minn.1993).

■ In this third petition for postconviction relief we will not consider claims which appellant raised or knew of and could have raised in earlier review. *See State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *Dent v. State*, 441 N.W.2d 497, 499 (Minn.1989). Appellant raised the sufficiency of the evidence claim in his first petition and he addressed similar allegations against Wade Abraham in both his second petition and his 1987 post-trial motion. *See Wayne*, 498 N.W.2d at 447–48; *Fenney*, 448 N.W.2d at 61. Further, appellant raised the issue relating to the knife found by the police in his 1987 post-trial motion and obviously knew of it at the time of his earlier postconviction petitions. Appellant likewise could have raised the claim relating to jury selection and composition in a previous petition and has offered no explanation for his failure to do so. Thus, these four claims are procedurally barred under our ruling in *Knaffla*. As to the DNA testing, it only constitutes new evidence from the standpoint that it

1. Appellant changed his name from Michael Wayne Fenney to Michael Wayne.

2. Appellant also filed a petition for a writ of habeas corpus in federal district court. The district court denied his petition and the Eighth Circuit Court of Appeals affirmed, con-

cluding that appellant was not denied due process as evidence relating to the knife found by the police and allegations against third parties did not undermine confidence in his trial. *See Wayne v. Benson*, 89 F.3d 530, 534–35 (8th Cir.1996).

further confirms appellant's guilt and thus it does not entitle appellant to relief. *See State v. Rainer*, 502 N.W.2d 784, 789–90 (Minn.1993).

We hold that the postconviction court did not abuse its discretion in denying appellant's request for postconviction relief.

Affirmed.