Michael WAYNE, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

Nos. A07–629, A07–1687.

Supreme Court of Minnesota.

March 27, 2008.

Rehearing Denied May 5, 2008.

Michael Wayne, Rush City, for Appellant *pro se.*

Lori Swanson, Attorney General, Peter Reed Marker, Attorney General's Office, St. Paul; Paul M. Dressler, Waseca, for Respondent.

## OPINION

RUSSELL A. ANDERSON, Chief Justice.

Appellant Michael Wayne was convicted in 1987 of the July 29, 1986, murder of Mona Armendariz. On direct appeal, we affirmed both his conviction and the denial of his first petition for postconviction relief. *State v. Fenney (Wayne I)*, 448 N.W.2d 54 (Minn.1989). He later filed a second and then a third petition for postconviction relief. In both cases, the district court denied relief, and we affirmed.[1] *Wayne v. State (Wayne III)*, 601 N.W.2d 440 (Minn.1999); *Wayne v. State (Wayne II)*, 498 N.W.2d 446 (Minn.1993). Wayne also has petitioned in federal district court for a writ of habeas corpus. *Wayne v. Benson*, 89 F.3d 530, 531 (8th Cir.1996). The federal district court denied the writ, and the Eighth Circuit Court of Appeals affirmed. *Id.* at 531–32.

Wayne filed this fourth petition for postconviction relief on December 19, 2006, alleging newly discovered evidence; ineffective assistance of counsel; erroneous admission of evidence; violations of his right to be present; erroneous omission of jury instructions on lesser-included offenses; prosecutorial misconduct; and other constitutional irregularities at trial. The district court denied relief. We affirm.

■ "On review of a postconviction court's denial of relief, we 'extend a broad review of both questions of law and fact.' " *Spann v. State*, 740 N.W.2d 570, 572 (Minn.2007) (quoting *Butala v. State*, 664 N.W.2d 333, 338 (Minn.2003)). This court reviews legal issues de novo and factual issues for sufficiency of the evidence. *Id.* A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts that would warrant relief. *Ferguson v. State*, 645 N.W.2d 437, 442 (Minn.2002). A petitioner is entitled to an evidentiary hearing if he has alleged facts that would, if proved by a fair preponderance of the evidence, entitle him to relief. *Id.* at 446.

■■ Claims that have been raised or claims that were known and could have been raised on direct appeal are procedurally barred from consideration. *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). This court will consider a claim otherwise barred by *Knaffla* only where its legal basis is so novel that it was not reasonably available on direct appeal, or where fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).

■ Wayne's newly discovered evidence claim rests primarily upon an unauthenticated confession. This confession consists of a five-page, unnotarized, typed account

---

1. During his third postconviction proceeding, Wayne obtained DNA testing, which confirmed that blood found on his clothing in his backpack was consistent with the victim. *Wayne III,* 601 N.W.2d at 441.

of Armendariz's murder purportedly signed by Steven Sack. The affidavit is dated December 16, 1992. One of Wayne's attorneys received the affidavit in April of 2001 by mail in an envelope with no return address. Wayne's theory that Sack and not Wayne committed the crime was litigated at trial and has arisen repeatedly during the various postconviction proceedings. *See Wayne II*, 498 N.W.2d at 447.

A new trial will be granted on grounds of newly discovered evidence only if the evidence (1) was not known to the defendant or his counsel at the time of trial; (2) could not have been discovered through due diligence before trial; (3) is not cumulative, impeaching, or doubtful; and (4) would probably produce an acquittal or a more favorable result. *Rainer v. State*, 566 N.W.2d 692, 695 (Minn.1997). Like the evidence seeking to implicate Sack in *Wayne II*, the purported confession is doubtful because it has not come forward in a credible manner from a credible source. 498 N.W.2d at 448. Therefore we reject Wayne's newly discovered evidence claim as meritless.

Wayne's remaining claims are barred by *Knaffla*, and neither exception applies. Nevertheless, we have again carefully examined the record and conclude that each of Wayne's claims is without merit. We therefore hold that the district courts summary denial of Wayne's petition was not improper.

Wayne also contests the district court's denial of leave to amend his petition. On his initial appeal of the denial of his petition, Wayne obtained a stay from this court so that he could seek reconsideration of his petition on the limited grounds of newly discovered evidence. Based on Wayne's original petition, the district court considered and rejected the newly discovered evidence claim. Wayne appealed again, and we authorized him to seek leave to amend his petition. Wayne then moved the district court for leave to file an amended petition, which the district court denied. We hold that the denial of leave to amend was not improper under the circumstances.

Affirmed.

DIETZEN, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.