STATE OF MINNESOTA

IN SUPREME COURT

A14-0958

Waseca County                                                                                    Lillehaug, J.

Michael Wayne, petitioner,

                    Appellant,

vs.

State of Minnesota,                                                        Filed:  March 11, 2015
                                                                                  Office of Appellate Courts
                    Respondent.

_____

Michael Wayne, Moose Lake, Minnesota, pro se.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, Saint Paul
Minnesota; and

Paul Dressler, Waseca County Attorney, Waseca, Minnesota, for respondent.
_____

S Y L L A B U S

Appellant's sixth petition for postconviction relief from his 1987 conviction is

barred by the time limit in Minn. Stat. § 590.01, subd. 4(a) (2014).

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

LILLEHAUG, Justice.

In 1987, following a jury trial, the district court convicted Michael Wayne of first-degree murder for the stabbing death of Mona Armendariz and sentenced him to life in prison. We affirmed Wayne's conviction on direct appeal. *State v. Fenney* (*Wayne I*), 448 N.W.2d 54, 62 (Minn. 1989) (consolidated direct and postconviction appeals).[1] Wayne filed four petitions for postconviction relief, as well as a motion for postconviction DNA testing under Minn. Stat. § 590.01, subd. 1a (2014). All five prior postconviction petitions or motions were denied, and this court affirmed each denial. *Wayne I*, 448 N.W.2d 54; *Wayne v. State* (*Wayne II*), 498 N.W.2d 446 (Minn. 1993); *Wayne v. State* (*Wayne III*), 601 N.W.2d 440 (Minn. 1999); *Wayne v. State* (*Wayne IV*), 747 N.W.2d 564 (Minn. 2008); *Wayne v. State* (*Wayne V*), 832 N.W.2d 831 (Minn. 2013).

In his sixth petition, filed in 2013, Wayne primarily argues that he is entitled to postconviction relief under Minn. Stat. § 590.01 (2014), because he was denied effective assistance of trial counsel, as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 6 of the Minnesota Constitution. Specifically, Wayne alleges that he received ineffective assistance of counsel because he was not informed of a plea offer purportedly discussed during an in-chambers meeting that occurred during

---

[1]    Our opinion in *Wayne I* contains a detailed factual description of the murder and evidence presented at trial. We limit our discussion here to facts directly relevant to this petition and appeal.

his trial.[2]  Additionally, Wayne filed a motion for a postconviction evidentiary hearing pursuant to Minn. Stat. § 590.04 (2014).  The postconviction court denied Wayne's petition without an evidentiary hearing, concluding that his claim was time-barred under Minn. Stat. § 590.01 and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976).  Wayne appealed.

We review the denial of postconviction relief for abuse of discretion.  *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010).  In other words, "a matter will not be reversed unless the postconviction court exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings."  *Id.*  We review questions of law de novo.  *Sanchez-Diaz v. State*, 758 N.W.2d 843, 846 (Minn. 2008).

A person convicted of a crime may file a petition for postconviction relief under Minn. Stat. § 590.01, subd. 1.  The postconviction court must hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief."  Minn. Stat. § 590.04, subd. 1.  "A postconviction court may summarily deny a petition for postconviction relief when the petition is time

---

[2]  Wayne also impliedly raises three additional claims in his petition and supporting memorandum of law:  (1) that he received ineffective assistance of trial counsel because he was represented by a family law attorney who was inexperienced in first-degree murder cases or criminal law, more generally; (2) that he was not permitted to be present during an in-chambers discussion regarding jury instructions, in violation of the Sixth Amendment; and (3) that immediately following trial, certain jurors wished to change their verdicts to "not guilty."  These claims, if they were in fact intended to be claims, are forfeited on appeal to this court because they were not addressed in Wayne's briefs.  *See Rainer v. State*, 566 N.W.2d 692, 694 n.1 (Minn. 1997).

3

barred." *Staunton v. State*, 842 N.W.2d 3, 7 (Minn. 2014) (citing *Riley v. State*, 819 N.W.2d 162, 170-71 (Minn. 2012)).

All petitions for postconviction relief must be filed within 2 years of the final disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subd. 4(a). Petitioners like Wayne whose convictions became final before August 1, 2005, the effective date of the time limit, were required to file their postconviction petitions on or before July 31, 2007. *Sanchez v. State*, 816 N.W.2d 550, 555 (Minn. 2012). Wayne's sixth petition is untimely under Minn. Stat. § 590.01, subd. 4(a), because Wayne filed it in 2013—well after the July 31, 2007 deadline.

Wayne argues, however, that two of the exceptions to the time limit set forth in Minn. Stat. § 590.01, subd. 4(b), apply to his claim. First, Wayne argues that he "asserts a new interpretation of federal . . . constitutional . . . law" by the United States Supreme Court that is retroactively applicable to his case. Minn. Stat. § 590.01, subd. 4(b)(3). Wayne specifically asserts that *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), established a new interpretation of Sixth Amendment law regarding ineffective assistance of counsel in the plea negotiation context. Even were we to assume that *Frye* and *Cooper* announced a new rule of federal constitutional law, such rule would apply to Wayne's claim of ineffective assistance only if he established that a plea offer was actually made. *See Frye*, 132 S. Ct. at 1408 (holding that "as a general rule, defense counsel has the duty to communicate *formal offers* from the prosecution to accept a plea" (emphasis added)); *Cooper*, 132 S. Ct. at 1384, 1387 (noting that the issue addressed by the Court, namely how to establish that a

4

defendant was prejudiced when ineffective advice of counsel resulted in a rejection of a plea offer, "simply does not arise" if "no plea offer is made").

The sole factual support Wayne offers for his claim that a plea offer was made but not communicated are isolated statements from a portion of the trial transcript documenting an in-chambers conference about jury instructions. Wayne highlights an exchange between the prosecutor and Wayne's defense counsel relating to whether defense counsel wished to withdraw a prior request "for manslaughter." Wayne argues that the exchange refers to a plea offer that would have involved Wayne pleading guilty to manslaughter. The postconviction court, however, found that the statements cited by Wayne "evince a discussion of jury instructions—not any sort of plea negotiation, offer, or withdrawal."

On their face, the statements cited by Wayne support the postconviction court's finding. The court stated that it was convening in chambers with counsel to discuss jury instructions. The court and counsel discussed a proposed aiding and abetting instruction. When the court asked if there was "[a]nything else," the prosecutor noted that defense counsel had "asked for manslaughter one time." Defense counsel responded, and the court confirmed, that defense counsel withdrew the request. The context shows clearly that the discussion was about instructions and had nothing to do with any plea offer. Accordingly, *Frye* and *Cooper* are not applicable to Wayne's claim. Thus, the subdivision 4(b)(3) exception to the statutory time limit is inapplicable.

Wayne also urges that his petition fits within the subdivision 4(b)(5) exception to the time limit. This exception requires that the petitioner "establish[] to the satisfaction

5

of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5). A petition is frivolous when "it is perfectly apparent, without argument, that the claims in the petition lack an objective, good-faith basis in law or fact." *Wallace v. State*, 820 N.W.2d 843, 850 (Minn. 2012). Because the record offers no suggestion that there was a plea offer, it is apparent without argument that Wayne's claim of ineffective assistance of counsel lacks an objective basis in fact. The exception is inapplicable.

Because Wayne's petition is untimely under Minn. Stat. § 590.01, subd. 4(a), and because neither of the exceptions on which he relies applies, his petition is time-barred.[3] The district court did not abuse its discretion by denying Wayne's petition for postconviction relief without an evidentiary hearing.

Affirmed.

---

[3] Wayne also argues that his claim is not barred under *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741, because the exceptions to the *Knaffla* rule apply. We need not address the *Knaffla* issue because the petition is time-barred under Minn. Stat. § 590.01, subd. 4. Additionally, we do not address the applicability of Minn. Stat. § 590.01, subd. 1 ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."), because it was not referenced by the postconviction court.