STATE OF MINNESOTA

IN SUPREME COURT

A14-1730

Waseca County                                                                            Lillehaug, J.

Michael Wayne, petitioner,

                    Appellant,
                                                                            Filed:  July 22, 2015
vs.                                                                         Office of Appellate Courts

State of Minnesota,

                    Respondent.

_____

Michael Wayne, Moose Lake, Minnesota, pro se.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, Saint Paul Minnesota; and

Brenda Miller, Waseca County Attorney, Waseca, Minnesota, for respondent.
_____

S Y L L A B U S

Appellant's seventh request for postconviction relief from his 1987 conviction is barred by the time bar in Minn. Stat. § 590.01, subd. 4(a) (2014).

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

LILLEHAUG, Justice.

In 1987, following a jury trial, the district court convicted appellant Michael Wayne[1] of first-degree murder for the stabbing death of Mona Armendariz and sentenced him to life in prison. We affirmed Wayne's conviction. *State v. Fenney* (*Wayne I*), 448 N.W.2d 54, 62 (Minn. 1989) (consolidated direct and postconviction appeals).[2] Wayne subsequently filed four petitions for postconviction relief, as well as a motion for postconviction DNA testing under Minn. Stat. § 590.01, subd. 1a (2014). The postconviction petitions or motions were all denied, and this court affirmed each denial. *Wayne v. State* (*Wayne II*), 498 N.W.2d 446, 448 (Minn. 1993); *Wayne v. State* (*Wayne III*), 601 N.W.2d 440, 442 (Minn. 1999); *Wayne v. State* (*Wayne IV*), 747 N.W.2d 564, 566 (Minn. 2008); *Wayne v. State* (*Wayne V*), 832 N.W.2d 831, 834 (Minn. 2013); *Wayne v. State* (*Wayne VI*), 860 N.W.2d 702, 706 (Minn. 2015).

In his seventh request for relief, filed in 2014, Wayne raises several claims. First, Wayne alleges that he is factually innocent and argues that his claim of actual innocence is not time-barred under the United States Supreme Court's decision in *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013). Second, Wayne alleges the following violations of his constitutional rights before trial: (1) police officers did not have

---

[1]    At the time of trial and direct appeal, appellant was known as Michael Fenney. *Wayne v. State*, 498 N.W.2d 446, 447 n.1 (Minn. 1993).

[2]    Our opinion in *Wayne I*, 448 N.W.2d at 55-57, contains a detailed factual description of the murder and evidence presented at trial. We limit our discussion here to facts directly relevant to this petition and appeal.

probable cause or a warrant to seize his property following arrest, and (2) police failed to electronically record his interrogation. Third, Wayne alleges the following violations of his constitutional rights during trial: (1) the court failed to give the jury the option of finding Wayne guilty of the lesser-included offenses of first- or second-degree criminal sexual conduct; and (2) the state committed numerous instances of prosecutorial misconduct during trial, including withholding evidence, distorting Wayne's statements and testimony, and making improper references to the prosecution as a "representative of the state" during closing argument. Finally, Wayne argues that statutes entitling a petitioner to court-appointed counsel for only one direct appeal or postconviction petition are unconstitutional because, without counsel, he is denied a fair opportunity to correct past injustices. As part of this last claim, Wayne argues that he received ineffective assistance of trial counsel because counsel was not experienced in criminal law.

The postconviction court denied Wayne's petition without an evidentiary hearing, concluding that his claims were time-barred under Minn. Stat. § 590.01 (2014) and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Wayne appealed.

A person convicted of a crime may file a petition for postconviction relief under Minn. Stat. § 590.01, subd. 1. The postconviction court must hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014). "A postconviction court may summarily deny a petition for postconviction relief when the

3

petition is time barred." *Staunton v. State*, 842 N.W.2d 3, 7 (Minn. 2014) (citing *Riley v. State*, 819 N.W.2d 162, 170-71 (Minn. 2012)).

Petitions for postconviction relief must be filed within 2 years of the final disposition of the petitioner's direct appeal. Minn. Stat. § 590.01, subd. 4(a)(2) (2014). For petitioners like Wayne, whose convictions became final before August 1, 2005, the postconviction statute required them to file their postconviction petitions on or before July 31, 2007. *Sanchez v. State*, 816 N.W.2d 550, 555 (Minn. 2012). Wayne's seventh petition is untimely under Minn. Stat. § 590.01, subd. 4(a)(2), because Wayne filed it in 2014—well after the July 31, 2007, deadline.

Wayne argues, however, that under the United States Supreme Court's decision in *McQuiggin*, his actual innocence claim cannot be time-barred under Minn. Stat. § 590.01, subd. 4. *See McQuiggin*, __ U.S. at __, 133 S. Ct. at 1928 (holding that a showing of actual innocence can overcome the 1-year limitations period on federal habeas petitions). Wayne's *McQuiggin* argument has two dimensions. Wayne relies upon the substance of *McQuiggin's* holding to argue that there is no statute of limitations for a claim of actual innocence. Wayne asserts that *McQuiggin* also implicates an exception to the statute of limitations, which applies when "the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case." Minn. Stat. § 590.01, subd. 4(b)(3) (2014). Neither aspect of Wayne's argument has merit because *McQuiggin* does not apply to Wayne's claim. *McQuiggin's* holding specifically applies to federal habeas

4

petitions and the corresponding 1-year time limit imposed by federal statute, 28 U.S.C. § 2244(d)(1) (2012). *See McQuiggin*, __ U.S. at __, 133 S. Ct. at 1928. *McQuiggin* does not apply to a postconviction motion that is a creature of state statute, Minn. Stat. § 590.01, subd. 1, and is governed by its own statutory time bar, Minn. Stat. § 590.01, subd. 4.

Moreover, even if the Supreme Court's holding in *McQuiggin* did in fact apply to postconviction petitions filed under Minn. Stat. § 590.01, Wayne cannot meet the standard set forth in *McQuiggin*. In *McQuiggin* the Supreme Court specified that, in order to overcome the federal statute of limitations, a federal habeas petitioner must "persuade[] the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." __ U.S. at __, 133 S. Ct. at 1928 (emphasis added) (citation omitted) (internal quotation marks omitted). In his petition, Wayne discusses evidence presented at trial or in prior postconviction proceedings, but offers no *new* evidence to make a showing of actual innocence. Accordingly, *McQuiggin* does not apply to Wayne's claim of actual innocence and therefore his claim does not meet the exception in Minn. Stat. § 590.01, subd. 4(b)(3).

In the alternative, Wayne argues that all of his claims are timely under Minn. Stat. § 590.01, subd. 4(b)(5). Under this exception, a court may hear claims for postconviction relief if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.* Subdivision 4(b)(5) is "reserved for

exceptional cases." *Riley v. State*, 819 N.W.2d 162, 170 (Minn. 2012) (citing *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010)).

The postconviction court correctly concluded that this exception does not apply because Wayne has not established that it is in "the interests of justice" for this court to address his claims. Wayne asserts that it is in the interests of justice to address his claims because of the "countless unsettled miscarriages [of justice] noted in the petition and memorandum." But "the interests-of-justice exception is triggered by an injustice that *caused* the petitioner to miss the primary deadline in subdivision 4(a), not the *substance* of the petition." *Sanchez*, 816 N.W.2d at 557.

The only injustice Wayne alleges that is not part of the substance of his petition is his pro se, incarcerated status and limited educational attainment. We, however, have rejected the argument that a petitioner's pro se status and limited educational attainment satisfy the "interests of justice" requirement of subdivision 4(b)(5), at least in the context of a petitioner who has previously filed a petition for postconviction relief that was not time-barred. *See Erickson v. State*, 842 N.W.2d 314, 319 (Minn. 2014). Notably, Wayne's pro se status and lack of educational attainment have not prevented him from filing multiple postconviction petitions that were not time-barred, including one petition that was filed after the section 590.01 statute of limitations became effective on August 1, 2005, but before the limitations period expired in August 2007. *See Wayne IV*, 747 N.W.2d at 565 (noting that Wayne filed his fourth postconviction petition on December 19, 2006); *see also Roman Nose v. State*, 845 N.W.2d 193, 196 (Minn. 2014) (explaining that "defendants whose convictions became final before August 1, 2005, . . . had 'two

6

years after the effective date of [the] act to file a petition for postconviction relief' " (alteration in original) (quoting Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1098)).  Therefore, as in *Erickson*, we reject the claim that Wayne was prevented from filing another timely petition.  *See* 842 N.W.2d at 319.

Because Wayne's arguments that *McQuiggin* and the interests-of-justice exception excuse the untimeliness of his petition are without merit, we conclude that Wayne's petition is time-barred under Minn. Stat. § 590.01, subd. 4(a).[3]  Therefore, the postconviction court did not abuse its discretion by denying Wayne's petition for postconviction relief without an evidentiary hearing.

Affirmed.

---

[3]    Wayne also argues that his claims are not barred under *Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.  We need not address the *Knaffla* issue because the petition is time-barred under Minn. Stat. § 590.01, subd. 4.  For the same reason, we need not address the applicability of Minn. Stat. § 590.01, subd. 1 ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence.").