STATE OF MINNESOTA

IN SUPREME COURT

A15-0426

Waseca County                                                                    Stras, J.

Michael Wayne,

                     Appellant,

vs.                                                                      Filed:  October 14, 2015
                                                                        Office of Appellate Courts
State of Minnesota,

                     Respondent.

_____


Michael Wayne, Moose Lake, Minnesota, pro se.

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, Saint Paul, Minnesota; and

Paul Dressler, Waseca County Attorney, Waseca, Minnesota, for respondent.

_____


S Y L L A B U S

Appellant's motion, formally styled as a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9, was in substance a petition for postconviction relief that the appellant failed to timely file under Minn. Stat. § 590.01, subd. 4(a) (2014).

Affirmed.

Considered and decided by the court without oral argument.

1

O P I N I O N

STRAS, Justice.

Appellant Michael Wayne appeals the postconviction court's denial of a request that he formally styled as a "Motion for Correction of Sentence" under Minn. R. Crim. P. 27.03, subd. 9. Because the postconviction court did not err in treating Wayne's request as a petition for postconviction relief and Wayne filed his request after the 2-year postconviction statute of limitations had expired, we affirm.

I.

In 1987, following a jury trial, the district court convicted appellant Michael Wayne of the offense of first-degree murder while committing criminal sexual conduct, *see* Minn. Stat. § 609.185(2) (1986), for the stabbing death of Mona Armendariz, and sentenced him to life in prison. Over two years later, in a consolidated appeal, we affirmed Wayne's conviction and the denial of his first petition for postconviction relief. *State v. Fenney* (*Wayne I*), 448 N.W.2d 54, 62 (Minn. 1989) (consolidated direct and postconviction appeals).[1] Since *Wayne I*, Wayne has filed six other postconviction petitions, none of which warranted relief. *See Wayne v. State* (*Wayne II*), 498 N.W.2d 446, 448 (Minn. 1993); *Wayne v. State* (*Wayne III*), 601 N.W.2d 440, 442 (Minn. 1999); *Wayne v. State* (*Wayne IV*), 747 N.W.2d 564, 566 (Minn. 2008); *Wayne v. State* (*Wayne V*), 832 N.W.2d 831, 834 (Minn. 2013); *Wayne v. State* (*Wayne VI*), 860 N.W.2d 702, 706 (Minn. 2015); *Wayne v. State* (*Wayne VII*), 866 N.W.2d 917, 920-21 (Minn. 2015).

---

[1] The facts underlying Wayne's conviction are set forth in detail in *Wayne I*, 448 N.W.2d at 55-57.

In November 2014, Wayne brought a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. The postconviction court treated Wayne's motion as a petition for postconviction relief and denied it for, among other reasons, his failure to file it until after the 2-year postconviction statute of limitations, Minn. Stat. § 590.01, subd. 4(a) (2014), had expired. Wayne appeals the postconviction court's decision to deny relief.

## II.

The outcome of this appeal hinges on how to classify Wayne's "Motion for Correction of Sentence." The premise of Wayne's motion was that the district court erred at trial when it failed to instruct the jury on the lesser-included offense of criminal sexual conduct, which he claims eventually led to the imposition of a longer sentence than he deserved. In Wayne's view, the alleged error gave rise to a sentence that was "not authorized by law," rendering him eligible for relief under Rule 27.03, subdivision 9, which allows a court to correct an unlawful sentence "at any time."

The postconviction court viewed Wayne's motion differently, characterizing it as a claim "relate[d] to the manner in which he was convicted—and not the manner in which he was sentenced." The court denied the motion because Wayne could not evade the postconviction statute's requirements, including the statute of limitations, simply by placing a different label on his pleading.

A person who brings what is, in substance, a challenge to a criminal conviction cannot use Rule 27.03, subdivision 9, to circumvent the procedural requirements of the postconviction statute. The "exclusive remedy for review" of a conviction "is . . . a

3

proceeding for postconviction relief, not . . . a proceeding to correct a sentence under Rule 27.03, subd. 9." *Johnson v. State*, 801 N.W.2d 173, 176 (Minn. 2011). Indeed, "the plain language of Rule 27.03 is limited to sentences, and the court's authority under the rule is restricted to modifying a sentence." *State v. Coles*, 862 N.W.2d 477, 480 (Minn. 2015). Accordingly, if Wayne's claim of instructional error is broad enough to "implicate[] more than simply his sentence," the postconviction court did not err in treating Wayne's motion as a petition for relief under the postconviction statute.[2] *Id.* at 482.

As the postconviction court recognized, the motion implicated more than just Wayne's sentence. In fact, Wayne's motion, which alleged an error in the jury instructions, really questioned the validity of his first-degree murder conviction. Wayne purports to request a reduction in his sentence, but if the postconviction court had accepted his legal claim, the appropriate remedy would have been a new trial, not a reduced sentence. After all, a district court may only pronounce a sentence after a jury has found a criminal defendant guilty of a crime, and the record is clear in this case that the jury never found Wayne guilty of the standalone offense of criminal sexual conduct.

---

[2]    In both *Coles* and *Johnson*, we applied a de novo standard of review because the arguments of the parties required us to interpret the text of a statute and a procedural rule. *See Coles*, 862 N.W.2d at 479; *Johnson*, 801 N.W.2d at 176. In this case, by contrast, the State urges us to review the postconviction court's decision to treat Wayne's motion as a postconviction petition under an abuse of discretion standard because, according to the State, it is not necessary to interpret a rule or a statute to resolve this appeal. We decline the State's invitation to adopt a definitive standard of review because, regardless of the amount of deference, if any, we are obligated to give to the postconviction court's decision, we would conclude that the court did not err when it treated Wayne's motion as a petition for postconviction relief.

4

Despite Wayne's request, the postconviction court could not have simply resentenced him to a term of imprisonment for criminal sexual conduct, because the State neither charged nor convicted him of that offense. Accordingly, we conclude that the postconviction court did not err when it treated Wayne's motion, which "implicate[d] more than simply his sentence," as a petition for postconviction relief. *Id.* at 482.

### III.

The only remaining question is whether the postconviction court erred when it denied Wayne's petition on the ground that he failed to timely file it. We review the denial of postconviction relief, including a denial for lack of compliance with the postconviction statute of limitations, for an abuse of discretion. *See Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013). A petition for postconviction relief must be filed no "more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a). However, "[a]ny person whose conviction became final before August 1, 2005," the statute's effective date, must have filed his or her petition no later than August 1, 2007. Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097-98.

Wayne's conviction became final in February 1990, 90 days after we decided his direct appeal. *See Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013). Therefore, according to the 2005 Act, Wayne had until August 1, 2007 to file his petition for postconviction relief. He did not file the present petition, his eighth, until more than 7 years after that deadline had passed. His petition did not mention, much less invoke, any

5

of the exceptions to the postconviction statute of limitations.  *See* Minn. Stat. § 590.01, subd. 4(b) (2014).  On this record, therefore, the postconviction court did not abuse its discretion when it denied relief to Wayne.

## IV.

For the foregoing reasons, we conclude that the postconviction court did not err when it denied Wayne's eighth petition for postconviction relief.

Affirmed.