*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2008**

Jamal Abdi Madar, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent

**Filed August 8, 2016
Affirmed
Worke, Judge**

Ramsey County District Court
File No. 62-CR-11-8856

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

　　Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and

Reilly, Judge.

**WORKE**, Judge

Appellant challenges the district court's denial of his petition for postconviction relief based on testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL). Because appellant's petition was untimely and neither exception to the statute of limitations applies, we affirm.

**FACTS**

In September 2011, police were notified of a suspicious package received at a UPS store. Officers obtained and executed a search warrant and identified the package's content as bundles of khat. Appellant Jamal Abdi Madar picked up the package. Police stopped Madar's vehicle. The package was open and a bushel of khat sat atop. The khat was tested at the SPPDCL. Madar was charged with fifth-degree controlled-substance crime—possession. Prior to Madar's jury trial, the state disclosed its intent to offer a SPPDCL report at trial.

During Madar's jury trial, photographs of the khat and the khat itself were admitted into evidence. An analyst from the SPPDCL testified that the khat weighed approximately five pounds, was tested, and the test results indicated the presence of cathinone—a stimulant that gives the user a psychedelic or hallucinogenic effect comparable to the effects of methamphetamine use.

Madar's defense was that he did not know that khat was illegal. Madar's recorded interview was admitted into evidence. He admitted that he chewed khat for his health and that his aunt sent it to him from England. The district court instructed the jury on the

elements of the offense, including that Madar "knew or believed that the substance [he] possessed was a controlled substance." On May 9, 2012, the jury found Madar guilty, and on June 29, 2012, the district court sentenced Madar to five years probation. Madar did not file a direct appeal.

On July 18, 2014, Madar petitioned for postconviction relief, claiming entitlement to relief due to testing deficiencies at the SPPDCL. The district court denied Madar's petition for postconviction relief without an evidentiary hearing because it was untimely. This appeal follows.

## DECISION

"[A] person convicted of a crime, who claims that . . . the conviction obtained . . . violated the person's [constitutional] rights . . . may commence a proceeding to secure [postconviction] relief by filing a petition . . . ." Minn. Stat. § 590.01, subd. 1(1) (2012). The petitioner is entitled to an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). An appellate court "review[s] a denial of a petition for postconviction relief, as well as the denial of an evidentiary hearing, for an abuse of discretion." *Rhodes v. State*, 875 N.W.2d 779, 786 (Minn. 2016). The appellate court "review[s] the postconviction court's legal conclusions de novo and its findings of fact for clear error." *Id.*

"No petition for postconviction relief may be filed more than two years after . . . the entry of judgment of conviction or sentence if no direct appeal is filed[.]" Minn. Stat.

§ 590.01, subd. 4(a)(1) (2012).  Madar concedes that his petition is untimely, but contends that two exceptions to the time bar apply.

*Newly discovered evidence*

A postconviction petition is not time-barred if (1) "the petitioner alleges the existence of newly discovered evidence," (2) the evidence "could not have been ascertained by the exercise of due diligence by the petitioner or petitioner's attorney within the two-year time period for filing a postconviction petition," (3) "the evidence is not cumulative to evidence presented at trial," (4) the evidence "is not for impeachment purposes," and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted."  *Id.*, subd. 4(b)(2) (2012).  "All five criteria must be satisfied to obtain relief."  *Riley v. State*, 819 N.W.2d 162, 168 (Minn. 2012).  In *Roberts v. State*, this court considered claims identical to those raised here and concluded that the petitioner did not satisfy the second and fifth criteria— due diligence and actual innocence.  856 N.W.2d 287, 291-92 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015).

Regarding due diligence, this court stated that because the criminal complaint "alleged that the crime lab analyzed the substance . . . and identified it as cocaine," the petitioner "knew that the charge against him was based on the crime lab's test results."  *Id.* at 291.  This court stated that because the petitioner had access to the test results, he could have challenged their reliability, but did not do so or claim that anyone prevented him from doing so.  *Id.*

Similarly, the criminal complaint here states that the "contents were submitted to the [SPPDCL] where they [were] examined . . . and found [to be] positive for the presence of cathinone." Further, the state disclosed that it intended to offer a SPPDCL report at trial. Madar could have challenged the reliability of the test results, but he did not because he admitted that it was khat; his defense was that he did not know that it was illegal.

To satisfy the actual-innocence criterion "the proffered evidence must be unequivocal, intrinsically probable, and free from frailties." *Rhodes*, 875 N.W.2d at 788. In *Roberts*, this court stated that the petitioner failed to offer "evidence regarding the chemical composition of the particular substance . . . . In fact, [the petitioner] . . . never claimed [at any time] that the substance was not cocaine." 856 N.W.2d at 291-92. This court also stated that "there was nonscientific evidence of guilt." *Id.* at 292.

Here, Madar never claimed that he did not possess khat. The officer saw the bushel of khat in the vehicle, which was admitted into evidence. Madar also admitted that he chewed khat, and received it from his aunt who resides in England. As in *Roberts*, "the evidence regarding the crime lab does not establish, under the clear-and-convincing standard, that [Madar] is innocent." *See id.* at 291. The district court did not abuse its discretion by denying Madar's petition for postconviction relief based on his claim of newly discovered evidence.

### Interests of justice

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id.* at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). The interests-

5

of-justice exception applies in exceptional cases in which a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id.* Courts also consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the petitioner needs to be addressed, and if relief is necessary to protect the integrity of judicial proceedings. *Id.*

Madar argues that it would be fundamentally unfair to not address his petition because he raises a *Brady* violation and a due-process violation relating to the SPPDCL issues.

This court rejected an interests-of-justice argument in *Roberts*, stating that the petitioner was "at fault for his failure to discover the problems at the crime lab" because he "had the opportunity to investigate the validity of the test results . . . [but] declined to do so." *Id.* at 293. This court further stated that "it is not fundamentally unfair to hold [the petitioner] accountable for his choice to accept the state's scientific evidence at face value," and that the discovery of testing issues at the SPPDCL did not "stem from a flaw in the judicial process." *Id.*

The reasoning in *Roberts* applies here. Additionally, Madar fails to establish a *Brady* violation because he did not establish that evidence relating to testing issues at the SPPDCL would have been favorable to him or that the state knew about issues at the SPPDCL and suppressed that evidence. *See Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010). Madar fails to establish a due-process violation because there is nothing in the record suggesting that Madar was deprived of an opportunity to review the SPPDCL's test results or to conduct independent testing. *See State v. Schwartz*, 447 N.W.2d 422, 423, 427

6

(Minn. 1989) (stating that to "ensure a fair trial, the test data and methodology must be available for independent review by the opposing party"). Moreover, there is no fundamental unfairness here because Madar had a jury trial wherein the state presented the scientific evidence and Madar's attorney cross-examined the analyst. The district court did not abuse its discretion by denying Madar's petition for postconviction relief based on the interests-of-justice exception to the two-year statute of limitations.

### *Ineffective assistance of counsel*

Finally, Madar argues that he received ineffective assistance of counsel because his attorney failed to discover the deficiencies at the SPPDCL. To succeed on this claim, Madar must show that his counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). Counsel's performance is presumed to be reasonable. *Id.* at 266.

Madar's defense was that he did not know that khat was illegal; thus, he fails to show that he ever suggested to his attorney that he possessed anything other than khat. The jury was instructed that in order to find Madar guilty, it would have to conclude that he "knew or believed that the substance [he] possessed was a controlled substance." There was no challenge as to whether Madar possessed a controlled substance. Presenting this defense, rather than challenging the composition of the controlled-substance evidence, is

7

trial strategy, which this court generally does not review. *See Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004) (stating that "[t]he extent of counsel's investigation is considered a part of trial strategy," which is generally not reviewable). The district court did not abuse its discretion in denying postconviction relief based on Madar's ineffective-assistance-of-counsel claim.

*Hearing*

Madar contends that he was entitled to an evidentiary hearing. "A postconviction court may summarily deny a petition for postconviction relief when the petition is time barred." *Wayne v. State*, 866 N.W.2d 917, 919 (Minn. 2015) (quotation omitted). Madar's petition was untimely and he failed to show that either exception to the two-year statute of limitations applies; thus, the district court did not abuse its discretion by declining to hold an evidentiary hearing.

**Affirmed.**