CHUTICH, Justice.
In 1987, Michael Wayne was convicted of first- and second-degree murder. Thirty years later, Wayne filed his ninth petition for postconviction relief, relying on recent lab reports that showed that the amount of male DNA found on the victim's body was insufficient for specific typing. Wayne argued that the forensic scientist's inability to match his DNA profile to the male DNA found on the victim's body established his actual innocence. The district court summarily denied Wayne's petition, concluding that the lab reports did not establish his actual innocence. Because we conclude that Wayne's petition is time-barred, or otherwise rests upon a meritless legal theory, we affirm.
FACTS
In 1987, Wayne was convicted of first- and second-degree murder for the death of Mona Armendariz and sentenced to life in prison.[1] He appealed, arguing that *637 bloodstain evidence and certain witness statements were improperly admitted into evidence, the district court's refusal to allow alternative perpetrator evidence was error, and the evidence was insufficient to convict. We affirmed his conviction in his consolidated appeal from the judgment of conviction and the denial of his first postconviction petition. State v. Fenney (Wayne I ), 448 N.W.2d 54, 62 (Minn. 1989).
After that, Wayne filed seven more petitions for postconviction relief. In his second petition, he claimed that new evidence-a new statement from a witness about an alleged alternative perpetrator-established his innocence; the district court denied the petition. Wayne v. State (Wayne II ), 498 N.W.2d 446, 447 (Minn. 1993). We affirmed, concluding that the alternative-perpetrator theory was presented at trial and the statement lacked credibility. Id. at 447-48. Wayne subsequently filed a petition for a writ of habeas corpus in federal court for the District of Minnesota. The court denied his petition, and the Eighth Circuit affirmed, highlighting the same credibility problems that we emphasized. Wayne v. Benson , 89 F.3d 530, 533-34 (Minn. 1996).
His third petition raised other evidentiary issues, alleged a different alternative perpetrator, and included a request for DNA testing of bloodstains found on his clothing. Wayne v. State (Wayne III ), 601 N.W.2d 440, 441 (Minn. 1999). After DNA testing revealed no new evidence, the district court denied his motion. Id. We affirmed, stating that the DNA testing revealed only further evidence of Wayne's guilt and that the other claims were barred by State v. Knaffla , 309 Minn. 246, 243 N.W.2d 737 (1976). 601 N.W.2d at 441-42.
Wayne's fourth petition for postconviction relief claimed ineffective assistance of counsel, evidentiary errors, newly discovered evidence in the form of a written confession by an alleged alternative perpetrator, erroneous jury instructions, prosecutorial misconduct, and other constitutional errors. Wayne v. State (Wayne IV ), 747 N.W.2d 564, 565 (Minn. 2008). We concluded that the alternative-perpetrator claim had already been addressed in Wayne's second postconviction petition and that his other claims were barred by Knaffla . Id. at 566. More importantly, we concluded that the newly discovered evidence was not credible and noted that if a new trial were held, the evidence would not likely result in an acquittal or more favorable outcome for Wayne. Id.
Wayne then filed a fifth petition for postconviction relief. In it, he sought DNA testing of the victim's underwear to establish that he was not involved in her sexual assault. Wayne v. State (Wayne V ), 832 N.W.2d 831, 832-33 (Minn. 2013). The district court denied relief, and we affirmed, stating that the evidence had not been subject to a chain of custody " 'sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.' " Id. at 833 (quoting Minn. Stat. § 590.01, subd. 1a(b)(2) (2012) ). We also concluded that even if a sufficient chain of custody for the evidence had been established, Wayne had known of the evidence and the ability to test it for DNA for more than two years. Accordingly, we held that his petition seeking such testing was time barred. Id. at 834.
Wayne's sixth petition for postconviction relief asserted that he received ineffective *638 assistance of counsel because he was not informed of a plea deal that he claims was offered in chambers during trial. Wayne v. State (Wayne VI ), 860 N.W.2d 702, 704 (Minn. 2015). He argued that his petition was not time barred because it was based on a new interpretation of constitutional law that applied retroactively to his case. Id. at 705. The district court found that no evidence in the record supported Wayne's claim of an uncommunicated plea deal, and we affirmed. Id. at 705-06. We also concluded that Wayne's petition did not fall within the interests-of-justice exception to the time bar. Id.
Two months after filing his sixth petition, Wayne filed his seventh. He claimed that a U.S. Supreme Court case, McQuiggin v. Perkins , 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), created an exception to any statutory time bar for postconviction relief, so long as the petition asserted actual innocence. Wayne v. State (Wayne VII ), 866 N.W.2d 917, 919 (Minn. 2015). The district court denied his petition, and we affirmed, stating that McQuiggin applied only to federal habeas corpus claims and not to state statutory procedures. Id. And even if McQuiggin applied, we concluded, Wayne had not shown his actual innocence. Id. at 919-20. Moreover, we noted that Wayne's claim did not satisfy the interests-of-justice exception to the statutory time bar. Id. at 920.
Wayne's eighth petition for postconviction relief was styled as a motion to correct his sentence. See Minn. R. Crim. P. 27.03, subd. 9. In it, he alleged that because the district court failed to instruct the jury on lesser-included offenses, a longer, and thus illegal, sentence was imposed. Wayne v. State (Wayne VIII ), 870 N.W.2d 389, 391 (Minn. 2015). The district court, however, considered this motion to be a postconviction petition because it attacked his conviction rather than his sentence. Id. at 391-92. We agreed, concluding that his legal argument sought to undermine his conviction, not his sentence. Id. at 392. We concluded that Wayne's petition was time barred because 7 years had passed since the statutory deadline to file the petition and no exception to the time bar applied. Id.
On May 10, 2017, Wayne filed this ninth petition for postconviction relief, arguing that recent lab reports, which showed that the amount of male DNA found on the victim's body was insufficient for a specific identification, established his actual innocence. Three years before filing this petition, Wayne secured an order for DNA testing of the victim's t-shirt and the victim's fingernail clippings. The lab completed testing of only the fingernail clippings, and testing results were obtained on August 21, 2014. These results showed that male DNA and the victim's DNA profile were present on the fingernail clippings, but they did not provide enough male DNA for a specific identification.
In February 2015, the district court issued an order for DNA testing of the sexual assault kit collected during the investigation of this case. Results from this testing were obtained on August 26, 2015. These results showed that male DNA was present, but the results did not provide enough DNA to perform specific typing.
Wayne also appended DNA testing results from 2004 and 1998 to his petition. The results from 2004 showed that Wayne's DNA was in the pockets of the pants found in his backpack when he was arrested. The results from 1998 showed that the same pair of pants was stained with the victim's blood. In total, four DNA testing reports were appended to Wayne's petition, but only two were presented to the court for the first time.
*639 Wayne's petition argued that because DNA specifically identifying him was not found on any of the items tested in 2014 and 2015, the reports are evidence of his actual innocence. He also moved the court for a new trial and an evidentiary hearing.
The district court denied Wayne's petition and both of his motions. The district court observed that the only timely report (from August 2015) showed that, although male DNA was present on the sexual-assault-kit swabs, an insufficient amount existed for a specific identification. Accordingly, the district court concluded that this report did not establish Wayne's innocence by clear and convincing evidence and denied the petition. The district court examined the DNA testing reports and determined that all but one-the sexual-assault-kit swab results-were dated more than 2 years before the date the petition was filed and were time barred.[2] The district court denied Wayne's motion for a new trial as untimely. The court also denied Wayne's motion for an evidentiary hearing, reasoning that an evidentiary hearing was not warranted because none of the facts about the DNA report were in dispute. Wayne filed this appeal.
ANALYSIS
Wayne argues that the district court abused its discretion by summarily denying his petition because none of the DNA results confirm his guilt. We review the denial of a petition for postconviction relief for an abuse of discretion. Dikken v. State , 896 N.W.2d 873, 876 (Minn. 2017). We will reverse a postconviction court only if it "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Reed v. State , 793 N.W.2d 725, 729 (Minn. 2010). A district court "shall liberally construe the petition," Minn. Stat. § 590.03 (2016), but may dismiss a postconviction petition without an evidentiary hearing if the record "conclusively shows that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2016). A dismissal without a hearing is proper if, considering the facts in the light most favorable to the defendant, "the court concludes that there are no material facts in dispute that preclude dismissal." Riley v. State , 819 N.W.2d 162, 167 (Minn. 2012). Here, based on the record and the new evidence presented in Wayne's petition, no material facts are in dispute. Although the newly discovered evidence does not directly implicate Wayne, it does not exonerate him. Wayne's petition does not create a dispute of material fact, and accordingly, we conclude that the district court did not abuse its discretion by denying his motion for an evidentiary hearing.
I.
As of August 1, 2005, Minnesota Statutes section 590.01 requires that a petition for postconviction relief be filed within 2 years of when a petitioner's conviction becomes final. Minn. Stat. § 590.01, subd. 4(a) (2016) ; see also Roby v. State , 808 N.W.2d 20, 24 (Minn. 2011). Those convicted before August 1, 2005, had two years-until August 1, 2007-to file a timely postconviction petition. See Act of June 2, 2005, ch. 136, art. 14, § 13, 2006 Minn. Laws 901, 1098 (codified as amended at *640 Minn. Stat. § 590.01 (2006) ). Wayne's petition was filed well after the 2007 deadline and is time barred unless an exception applies.
The statute provides five exceptions to the 2-year statutory time bar. Minn. Stat. § 590.01, subd. 4(b). Two are relevant in this case: the newly-discovered-evidence exception and the interests-of-justice exception. Id. A petition claiming an exception must be filed "within two years of the date the claim arises." Id. , subd. 4(c). Wayne bears the burden of establishing that an exception applies. Brocks v. State , 883 N.W.2d 602, 604 (Minn. 2016) (citing Rickert v. State , 795 N.W.2d 236, 241-42 (Minn. 2011) ).
Wayne's claims relating to recent DNA testing cannot be considered under the interests-of-justice exception in Minnesota Statutes section 590.01, subdivision 4(b)(5), because they are frivolous. Whether a petition is frivolous is a threshold question for reviewing a petition under subdivision 4(b)(5). Berkovitz v. State , 826 N.W.2d 203, 209 (Minn. 2013). In making this determination, "we assess the petition as a whole." Id. A petition "is frivolous only if every claim in the petition lacks an objective, good-faith basis in law or fact." Id. (citing Wallace v. State , 820 N.W.2d 843, 850 n.3 (Minn. 2012) ). Claims that are mere argumentative assertions without factual support or those that even if true would not entitle the petitioner to relief are frivolous. See id. at 210. Claims that rest upon "an indisputably meritless legal theory" are frivolous. Id. at 209 (quoting Wallace , 820 N.W.2d at 850 ).
Wayne's claims in his petition concerning the DNA testing conducted in 2014 and 2015 are frivolous.[3] The results do not support Wayne's claims of innocence. They do not show that a person of a different sex committed the crime. Instead, they implicate a male, only further supporting Wayne's conviction.[4] Consequently, Wayne's argument rests on an indisputably meritless legal theory.[5]
*641 Because Wayne's postconviction petition rests on an indisputably meritless legal theory, it is frivolous. Accordingly, Wayne's petition does not qualify for the interests-of-justice exception to the statutory 2-year time bar. Furthermore, because Wayne's petition does not present clear and convincing evidence of his innocence, he does not qualify for the newly-discovered-evidence exception to the statutory 2-year time bar in Minnesota Statutes section 590.01, subdivision 4(b)(2). We therefore conclude that the district court did not abuse its discretion by summarily denying Wayne's petition for postconviction relief without an evidentiary hearing.
II.
Wayne's petition alludes to, but does not develop, several arguments that he has asserted in prior petitions. Because we have already addressed these claims, they are procedurally barred by Minnesota Statutes section 590.04. When it is indisputable that claims are procedurally barred, they are frivolous. See Minn. Stat. § 590.04, subd. 1 ; Berkovitz , 826 N.W.2d at 209 ; Knaffla , 243 N.W.2d at 741. Accordingly, Wayne's additional arguments, like his claims based on DNA evidence, cannot claim the interests-of-justice exception to the 2-year statutory time bar.
We addressed Wayne's claim that the victim's bloodstains on pants found in his backpack were from an alternative perpetrator wiping their hands on them in Wayne III . See 601 N.W.2d at 441-42. We reviewed Wayne's allegations of an alternative perpetrator in Wayne I , Wayne II , Wayne III , and Wayne IV . See Wayne I , 448 N.W.2d at 62; Wayne II , 498 N.W.2d at 448 ; Wayne III , 601 N.W.2d at 441 ; Wayne IV , 747 N.W.2d at 565-66. We addressed Wayne's sufficiency-of-the-evidence claim on direct appeal in Wayne I . See 448 N.W.2d at 61. We assessed Wayne's claims of erroneous jury instructions in Wayne IV , Wayne VII , and Wayne VIII . See Wayne IV , 747 N.W.2d at 565-66 ; Wayne VII , 866 N.W.2d at 918, 920 ; Wayne VIII , 870 N.W.2d at 391-92. We reviewed Wayne's ineffective-assistance-of-counsel claims twice before. See Wayne IV , 747 N.W.2d at 565-566 ; Wayne VI , 860 N.W.2d at 705-06. We examined Wayne's allegations of prosecutorial misconduct in Wayne IV . See 747 N.W.2d at 565-66. We addressed Wayne's claims that new testimony from a witness at trial supports his innocence in Wayne II . See 498 N.W.2d at 448. Finally, we have already reviewed the results of the DNA testing conducted in 1998 and determined that it affirmatively did not establish his innocence by clear and convincing evidence. See Wayne III , 601 N.W.2d at 441-42.
Each of Wayne's additional claims reiterate claims that have been denied in prior postconviction proceedings. Therefore, each of these additional claims are frivolous and cannot satisfy the interests-of-justice exception to the time bar. Accordingly, the district court did not abuse its discretion by denying Wayne's postconviction petition.
CONCLUSION
For the foregoing reasons, we affirm the district court.
Affirmed.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

At the time of his conviction and first appeal, Wayne's name was Michael Fenney. See Wayne v. State , 498 N.W.2d 446, 447 n.1 (Minn. 1993). A detailed recitation of the facts underlying Wayne's murder conviction can be found in our decision addressing Wayne's first appeal, State v. Fenney , 448 N.W.2d 54, 55-57 (Minn. 1989).

Much of Wayne's brief is devoted to arguing that his petition was filed within 2 years of obtaining these results, excluding weekends and holidays. This claim is without merit. See Minn. Stat. § 645.15 (2016).
The district court noted that even if it were to consider the time-barred DNA results, those results did not establish that Wayne was innocent by clear and convincing evidence because the results showed the presence of male DNA.

Likewise, claims arising from the 2004 DNA testing on pants that Wayne maintains are not his are frivolous. The analysis showed the presence of Wayne's DNA inside both front pockets of the bloody pants found in Wayne's backpack when he was arrested. Previous testing conducted in 1998 showed that the blood on these pants belonged to the victim, Mona Armendariz. This evidence does not provide a basis upon which this court could grant relief. Viewing these results in the light most favorable to Wayne, the results of the 2004 testing are only further evidence of his guilt-the victim's blood is on his pants.

Wayne also claims that his petition falls under the newly-discovered-evidence exception to the 2-year time bar. See Minn. Stat. § 590.01, subd. 4(b)(2). Because we conclude that Wayne's claims rest on an indisputably meritless legal theory and are therefore frivolous, they plainly do not meet the higher standard of "establish[ing] by a clear and convincing standard that [he] is innocent of the offense or offenses for which [he] was convicted." Id.
For the same reason, Wayne's argument that he is entitled to a new trial under the test identified in Rainer v. State , 566 N.W.2d 692, 695 (Minn. 1997), is unavailing. The results of the DNA testing would not probably produce an acquittal or a more favorable result at a new trial. See id.

Even if Wayne's petition was not frivolous, he has alleged no facts to support his claim that the interests of justice compel review. See Francis v. State , 829 N.W.2d 415, 419-20 (Minn. 2013). Wayne instead contends that the merits of his claim alone are so compelling that the interests of justice demand review.
We have made clear, however, that "the interests-of-justice referred to in subdivision 4(b)(5) relate to the reason that the petition was filed after the 2-year time limit ... not the substantive claims in the petition." Sanchez v. State , 816 N.W.2d 550, 557 (Minn. 2012). A petitioner "must allege an injustice that caused the delay in filing." Hooper v. State , 888 N.W.2d 138, 142 (Minn. 2016) (citing Sanchez , 816 N.W.2d at 557 ).
Wayne further contends that his lack of counsel since his first appeal is an injustice. Wayne, however, is not entitled to counsel after his first appeal. See Ferguson v. State , 826 N.W.2d 808, 816 (Minn. 2013) (holding that after being represented on direct appeal, a defendant has no right to counsel in a subsequent postconviction proceeding). Wayne's consolidated appeal from his conviction and the denial of his first petition for postconviction relief were counseled. Wayne I , 448 N.W.2d at 55. Wayne's lack of counsel in subsequent postconviction petitions is not an injustice.