Derrick Ramon DUKES, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A05–2264.

Supreme Court of Minnesota.

Aug. 3, 2006.

Frederick J. Goetz, Goetz & Eckland PA, Minneapolis, MN, for Appellant.

Michael Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Asst. Ramsey County Attorney, St. Paul, MN, for Respondent.

## OPINION

MEYER, Justice.

Derrick Ramon Dukes appeals the denial of his second petition for postconviction relief. The petition alleged *Crawford* error entitling Dukes to a new trial. We affirm the district court.

Following a jury trial, Dukes was convicted of first-degree felony murder, attempted first-degree felony murder, and attempted aggravated robbery. *State v. Dukes,* 544 N.W.2d 13, 15 (Minn.1996) (*Dukes I*). The district court sentenced Dukes to consecutive terms of life and 180 months' imprisonment. *Id.* Our opinion issued in response to Dukes' direct appeal provides a full statement of the facts in this case. *See id.* at 15–18. Dukes appealed his convictions and sentences, raising five issues. *Id.* at 15. One of these issues was whether the admission at trial of a

transcript of a codefendant's statements made at the codefendant's guilty plea hearing violated Dukes' constitutional right to confrontation. *Id.* at 19. Citing *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), we held the admission of the transcript did not violate Dukes' Sixth Amendment rights and affirmed Dukes' convictions and sentences. *Dukes I,* 544 N.W.2d at 15, 19.

Dukes' first petition for postconviction relief raised six issues; the postconviction court denied the petition after holding an evidentiary hearing. *See Dukes v. State,* 621 N.W.2d 246, 250–51 (Minn.2001) (*Dukes II*). On appeal, we affirmed the denial of relief on four of the claims, but remanded the remaining two claims to the postconviction court for additional findings. *Id.* at 249–50. On remand, the postconviction court again denied Dukes' petition, and we affirmed on appeal. *Dukes v. State,* 660 N.W.2d 804, 807 (Minn.2003) (*Dukes III*). After the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Dukes filed a second petition for postconviction relief alleging he was entitled to relief under *Crawford* based on the admission at trial of the transcript of his codefendant's statements. The postconviction court denied relief, and this appeal followed.

■ "Review of a postconviction proceeding is limited to determining 'whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion.'" *Zenanko v. State,* 688 N.W.2d 861, 864 (Minn.2004) (quoting *Sanders v. State,* 628 N.W.2d 597, 600 (Minn.2001)). When making this determination, we are not limited to the reasoning of the postconviction court, and we can affirm the denial of

postconviction relief on grounds other than those on which the postconviction court relied. *See Hummel v. State,* 617 N.W.2d 561, 563 (Minn.2000); *see also Black v. State,* 560 N.W.2d 83, 85 (Minn.1997).

Whether Dukes is entitled to have the rule in *Crawford* retroactively applied to his case is governed by the framework of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See State v. Houston,* 702 N.W.2d 268, 270 (Minn.2005). Under *Teague,* a new rule of federal constitutional criminal procedure is usually not retroactively applicable to a defendant's case once the defendant's case has become final. 489 U.S. at 310, 109 S.Ct. 1060 (plurality opinion). An exception to *Teague*'s rule, which is "known as the 'watershed rule' exception, applies when the new rule 'requires the observance of those procedures that * * * are implicit in the concept of ordered liberty' or 'alter our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of any particular conviction.'" *Houston,* 702 N.W.2d at 270–71 (omission in original) (quoting *Teague,* 489 U.S. at 311, 109 S.Ct. 1060).

■ As Dukes concedes, his case was final at the time *Crawford* was announced.[1] Dukes argues that *Crawford* applies retroactively to his case because: (1) *Crawford* did not announce a "new" rule and, alternatively, (2) that *Crawford* established a "watershed rule" of criminal procedure and therefore is fully retroactive under an exception to *Teague*'s general rule. The state urges us to adopt the reasoning of federal circuit courts that have held, pursuant to *Teague,* that *Crawford* is not ret-

roactively applicable to cases final at the time *Crawford* was decided.

We have already decided in *Danforth v. State,* 718 N.W.2d 451, 2006 WL 2075145 (Minn.2006), that *Crawford* announced a new rule, the rule is not a "watershed rule" of federal constitutional criminal procedure and, consequently, the rule is not retroactive to cases that were final at the time of the *Crawford* decision. Because Dukes' case was final at the time of the *Crawford* decision, he is not entitled to retroactive application of *Crawford* to his case and the postconviction court did not abuse its discretion in denying Dukes' petition for relief.

Affirmed.

---

1. "A case is final when a 'judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari [has] elapsed or a petition for certiorari [has been filed and] finally de-

nied.'" *O'Meara v. State,* 679 N.W.2d 334, 339 (Minn.2004) (alterations in original) (quoting *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)).