STATE OF MINNESOTA

IN SUPREME COURT

A15-0398

Hennepin County                                                          Stras, J.

Robert Marlyn Taylor,

                    Appellant,

vs.                                                          Filed:  February 3, 2016
                                                             Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Robert Marlyn Taylor, Rush City, Minnesota, pro se.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota, for respondent.

_____

S Y L L A B U S

The postconviction court did not abuse its discretion when it summarily denied the appellant's second petition for postconviction relief, which was not timely filed with the postconviction court.

Affirmed.

O P I N I O N

STRAS, Justice.

Appellant Robert Marlyn Taylor appeals the postconviction court's summary denial of his second petition for postconviction relief. Because we conclude that Taylor filed his petition after the expiration of the 2-year limitations period in Minn. Stat. § 590.01, subd. 4(a)(2) (2014), and the interests-of-justice exception in Minn. Stat. § 590.01, subd. 4(b)(5) (2014) does not apply, we affirm.

I.

Taylor was charged with three counts of homicide for the death of John Turner, a dealer of antiques from his home in south Minneapolis. Turner also owned the house next door, which he rented to Taylor's family. When Turner's wife and daughter arrived at his home on Christmas Day in 1999, they discovered Turner's body on the floor in a pool of blood. Nearly every bone in Turner's skull had been fractured. After interviewing Taylor several times, the police focused its attention on Taylor, who was eventually arrested and charged with the murder.

Taylor's first jury trial ended in a mistrial. In 2001, following a second jury trial before Judge Harvey Ginsberg, Taylor was convicted of first-degree premeditated murder for Turner's death. *See* Minn. Stat. § 609.185(1) (2000). On direct appeal, Taylor sought reversal of his conviction based on four alleged errors from the trial. We affirmed Taylor's

conviction on August 30, 2002. *State v. Taylor (Taylor I)*, 650 N.W.2d 190, 208 (Minn. 2002).[1]

In 2003, Taylor filed his first petition for postconviction relief, which sought review of a claim that he had raised, and we had rejected, on direct appeal. The postconviction court denied Taylor's petition without holding an evidentiary hearing. Before we decided the appeal from the denial of Taylor's postconviction petition, we removed Judge Ginsberg from office. *In re Conduct of Ginsberg*, 690 N.W.2d 539, 542 (Minn. 2004). We also ordered that Judge Ginsberg, who suffered "from three diagnosed, significant mental illnesses," *id.* at 551, be "retired" from the bench because his disability seriously interfered with the performance of his judicial duties. *Id.* at 552 (quoting Minn. Stat. § 490.16, subd. 4 (2002)). Exactly one month after Judge Ginsberg's removal, we affirmed the postconviction court's decision to deny relief to Taylor. *Taylor v. State (Taylor II)*, 691 N.W.2d 78 (Minn. 2005).

For nearly a decade, until October 2014, Taylor did not seek postconviction relief based on Judge Ginsberg's removal from office. In the present petition, his second, Taylor seeks a new trial based on four claims: (1) Judge Ginsberg's conduct on the bench was prejudicial to him; (2) trial counsel was ineffective; (3) the district court plainly erred when it concluded that the testimony of one of the State's witnesses was admissible at trial; and (4) the prosecutor committed misconduct during her examination of a witness. The postconviction court denied Taylor's petition without holding an evidentiary hearing,

---

[1]     The facts underlying Taylor's conviction are set forth in detail in *Taylor I*, 650 N.W.2d 190 (Minn. 2002).

determining both that the petition was untimely filed under Minn. Stat. § 590.01, subd. 4(a)-(b) (2014), and procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

## II.

The question presented by this case is whether the postconviction court abused its discretion when it denied Taylor's petition for postconviction relief without holding an evidentiary hearing. We "review [the] denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "In doing so, we review the postconviction court's underlying factual findings for clear error and its legal conclusions de novo." *Williams v. State*, 869 N.W.2d 316, 318 (Minn. 2015) (citing *Caldwell v. State*, 853 N.W.2d 766, 770 (Minn. 2014)).

A postconviction court may deny a petition for postconviction relief without holding an evidentiary hearing if the petition, files, and records in the proceeding conclusively establish that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2014). If a petition is either untimely filed under the postconviction statute of limitations, Minn. Stat. § 590.01, subd. 4(a)-(c) (2014), or procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976), holding an evidentiary hearing is unnecessary. *See Riley*, 819 N.W.2d at 168 (applying the statute of limitations); *Buckingham v. State*, 799 N.W.2d 229, 233-34 (Minn. 2011) (addressing *Knaffla*).

Minnesota's postconviction statute requires that, for those petitioners who have had a direct appeal of their conviction or sentence, any petition for postconviction relief be filed

4

within 2 years of the final disposition of the direct appeal.[2] Minn. Stat. § 590.01, subd. 4(a)(2). However, for petitioners whose convictions became final before August 1, 2005—the effective date of the statute of limitations—the deadline to file a postconviction petition was August 1, 2007. Act of June 2, 2005, ch. 136, art. 14, § 13, 2005 Minn. Laws 901, 1097-98; *see also Wayne v. State*, 870 N.W.2d 389, 392 (Minn. 2015).

We affirmed Taylor's conviction on August 30, 2002, before the statute of limitations became effective, and Taylor did not file a petition for certiorari with the Supreme Court of the United States. *Taylor I*, 650 N.W.2d at 196; *see also Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013) (explaining that a conviction becomes "final" 90 days after our decision when the appellant does not file a petition for certiorari). Taylor therefore had until August 1, 2007, to file a postconviction petition. Because Taylor did not file his petition until October 30, 2014, more than 7 years after the 2-year statute of limitations had expired, his petition is untimely unless he can satisfy one of the five exceptions listed in Minn. Stat. § 590.01, subd. 4(b). *See* Minn. Stat. § 590.01, subd. 4(a).

Taylor argues that his petition satisfies Minn. Stat. § 590.01, subd. 4(b)(5), more commonly referred to as the interests-of-justice exception. This exception, which is "reserved for exceptional cases," *Riley*, 819 N.W.2d at 170, allows a court to hear an otherwise untimely petition for postconviction relief if "the petitioner establishes to the

---

[2] For those petitioners who do not file a direct appeal, the 2-year statute of limitations begins to run upon "the entry of judgment of conviction or sentence." Minn. Stat. § 590.01, subd. 4(a)(1).

satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5).

Taylor's only explanations for the over 7-year delay in filing his postconviction petition are as follows: (1) he was not aware of Judge Ginsberg's mental illnesses at the time of his direct appeal; (2) his "knowledge of the legal system is lacking at best"; and (3) the Public Defender's Office should have initiated proceedings on his behalf at the time of Judge Ginsberg's removal. Each of these explanations, however, relates to, if not is a product of, Taylor's pro se status and his assertion that he has a limited understanding of the legal system. Recently, in *Wayne v. State*, we "rejected the argument that a petitioner's pro se status and limited educational attainment satisfy the 'interests of justice' requirement of subdivision 4(b)(5), at least in the context of a petitioner who has previously filed a petition for postconviction relief that was not time-barred." *Wayne v. State*, 866 N.W.2d 917, 920 (Minn. 2015). Here, because Taylor has previously filed a timely postconviction petition, the postconviction court did not abuse its discretion when it concluded that Taylor's petition did not meet the interests-of-justice exception.[3]

---

[3] In light of our conclusion that Taylor does not satisfy the interests-of-justice exception in Minn. Stat. § 590.01, subd. 4(b)(5), we need not decide whether Taylor has satisfied the requirements of Minn. Stat. § 590.01, subd. 4(c), which states that "any petition invoking an exception . . . must be filed within two years of the date the claim arises." Nor do we need to decide whether the petition is procedurally barred under the *Knaffla* rule, the other basis on which the postconviction court denied Taylor's petition.

6

## III.

For the foregoing reasons, we conclude that the postconviction court did not abuse its discretion when it summarily denied Taylor's petition for postconviction relief.

Affirmed.