*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1171**

Aaron Wayne Downing, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 11, 2016
Affirmed
Schellhas, Judge**

Clay County District Court
File No. 14-CR-11-2712

Aaron Wayne Downing, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Pamela Harris, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Worke, Judge; and Johnson, Judge.

**UNPUBLISHED OPINION**

**SCHELLHAS**, Judge

In this pro se appeal, appellant asks us to reverse the summary denial of postconviction relief from his conviction of third-degree criminal sexual conduct. We affirm.

**FACTS**

In August 2011, appellant Aaron Wayne Downing digitally penetrated 19-year-old R.A.L. without her consent. Respondent State of Minnesota charged Downing with third- and fifth-degree criminal sexual conduct, and a jury found Downing guilty as charged. The district court entered convictions of third- and fifth-degree criminal sexual conduct and sentenced Downing to 117 months' imprisonment for the third-degree offense.

Downing appealed, arguing that

> (1) the district court abused its discretion when it allowed the state to impeach [Downing] with prior felony convictions without conducting a *Jones* analysis; (2) the prosecutor committed reversible misconduct by eliciting from [Downing] testimony regarding a prior uncharged domestic-abuse incident and by improperly referencing the criminal histories of [Downing] and other witnesses during closing argument; and (3) the fifth-degree [criminal sexual conduct] conviction must be vacated as a lesser-included offense of the third-degree conviction.

*State v. Downing*, No. A12-0446, 2013 WL 599164, at *1 (Minn. App. Feb. 19, 2013), *review denied* (Minn. May 21, 2013). This court affirmed Downing's conviction of the third-degree offense but reversed and vacated Downing's conviction of the fifth-degree offense. *Id.* at *1, *3.

Two years later, Downing filed a pro se petition for postconviction relief. The postconviction court summarily denied relief, concluding that all of Downing's claims are procedurally barred under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

This appeal follows.

2

**D E C I S I O N**

A defendant may petition for relief from a conviction obtained in violation of his rights "under the Constitution or laws of the United States or of the state." Minn. Stat. § 590.01, subd. 1 (2014). The postconviction court may deny relief summarily if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2014).

"[Appellate courts] review the denial of a petition for postconviction relief, as well as a request for an evidentiary hearing, for an abuse of discretion." *Taylor v. State*, 874 N.W.2d 429, 430 (Minn. 2016) (quotation omitted). "In doing so, [appellate courts] review the postconviction court's underlying factual findings for clear error and its legal conclusions de novo." *Id.* at 430–31 (quotation omitted). "[Appellate courts] can affirm the denial of postconviction relief on grounds other than those on which the postconviction court relied." *Dukes v. State*, 718 N.W.2d 920, 921–22 (Minn. 2006).

Under *Knaffla* and its progeny, "once a direct appeal has been taken, all claims raised in the direct appeal and all claims that were known *or should have been known* but were not raised in the direct appeal are procedurally barred." *Colbert v. State*, 870 N.W.2d 616, 626 (Minn. 2015); *see also* Minn. Stat. § 590.01, subd. 1 ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence.").

> [The supreme court] ha[s] recognized two exceptions to the *Knaffla* bar: a claim should be considered if it is (1) an issue so novel that its legal basis was not reasonably available at the time of the direct appeal, or (2) in the interest of justice—when

> fairness so requires and the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal.

*Carridine v. State*, 867 N.W.2d 488, 493 (Minn. 2015) (quotation omitted).

In this case, Downing challenges the postconviction court's summary denial of relief on the grounds that his claims are procedurally barred under *Knaffla*. Specifically, Downing argues that *Knaffla* bars neither his prosecutorial-misconduct claim nor his ineffective-assistance-of-trial-counsel claim. Downing also argues that the court erred by failing to make findings of fact and conclusions of law on each of his postconviction claims.

Downing first acknowledges that he raised a prosecutorial-misconduct claim on direct appeal but argues that the claim is not *Knaffla*-barred because this court did not address "the most major issues of misconduct" in its February 19, 2013 opinion. Downing claims that "if an Appeal Court does not include issues on Appeal in [its] opinion, these issues can be included in a Petition for Post-Conviction Relief." But Downing provides no argument or authority to support this claim, and we decline to consider it. *See State v. Bartylla*, 755 N.W.2d 8, 22 (Minn. 2008) ("[Appellate courts] will not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority.").

Downing also argues that his prosecutorial-misconduct claim is not *Knaffla*-barred because he received evidence to prove some of the misconduct only after his direct appeal. Downing does not identify the evidence to which he refers, explain why he could not have accessed that evidence at an earlier date, or even *assert* that he could not have accessed the evidence at an earlier date; we therefore reject this argument without analysis. *See Sessions v. State*, 666 N.W.2d 718, 721–22 (Minn. 2003) (rejecting postconviction claim as *Knaffla*-

4

barred without exception, reasoning in part that petitioner offered "nothing to support his assertions" and noting that "we have held that allegations must be more than bald assertions or unsupported statements"). We conclude that the postconviction court did not abuse its discretion by summarily denying Downing's prosecutorial-misconduct claim. *See Colbert*, 870 N.W.2d at 622 (stating that "a postconviction court may summarily deny a claim that is . . . procedurally barred under *Knaffla*").

Downing next acknowledges that his ineffective-assistance-of-trial-counsel claim was available on direct appeal, yet he argues that the claim is not *Knaffla*-barred because it "cannot be fully examined" on the trial record. Downing is correct that an ineffective-assistance-of-trial-counsel claim that "requires examination of evidence outside the trial record or additional fact-finding by the postconviction court" may be raised in a first postconviction petition, even if the basis for the claim was or should have been known on direct appeal. *Nissalke v. State*, 861 N.W.2d 88, 93 (Minn. 2015), *reh'g denied* (May 20, 2015). But Downing does not explain why *his* claim requires examination of evidence outside the trial record or additional fact-finding by the postconviction court; neither does he provide examples of claims that have been held to require examination of outside evidence or additional fact-finding. Accordingly, we decline to consider whether Downing's ineffective-assistance-of-trial-counsel claim survives the *Knaffla* bar. *See Bartylla*, 755 N.W.2d at 22 ("[Appellate courts] will not consider pro se claims on appeal that are unsupported by either arguments or citations to legal authority.").

In any event, "to be entitled to an evidentiary hearing on an ineffective-assistance-of-counsel claim, the petitioner must allege facts that, if proven by a fair preponderance of

the evidence, would satisfy the two-prong test" for ineffective assistance of counsel. *Carridine*, 867 N.W.2d at 493–94 (quotation omitted). Here, Downing bases his ineffective-assistance-of-trial-counsel claim on matters of trial strategy that cannot support such a claim. *See State v. Ali*, 855 N.W.2d 235, 260 (Minn. 2014) (stating that courts "will not review" ineffective-assistance claims that "raise matters of trial strategy"). We conclude that the postconviction court did not abuse its discretion by summarily denying that claim. *See Fort v. State*, 861 N.W.2d 674, 675 (Minn. 2015) ("Because [petitioner]'s claim of ineffective assistance . . . fails as a matter of law, and his remaining claims are time barred . . . , the postconviction court did not abuse its discretion in summarily denying [the] petition.").

Downing also complains that the postconviction court "failed to review" three other claims raised in his petition: (1) sufficiency of the evidence, (2) ineffective assistance of appellate counsel, and (3) cumulative error. Citing Minn. Stat. § 590.04, subd. 1, Downing challenges the court's failure to make findings of fact and conclusions of law on each of his postconviction claims.

A postconviction court does not abuse its discretion by summarily denying relief without issuing findings of fact and conclusions of law so long as the record "conclusively supports" the denial of relief. *Voorhees v. State*, 627 N.W.2d 642, 653 (Minn. 2001). Here, Downing's sufficiency-of-the-evidence and cumulative-error claims were available on direct appeal and therefore are *Knaffla*-barred; Downing offers no reason to apply a *Knaffla* exception. And Downing's ineffective-assistance-of-appellate-counsel claim is predicated on appellate counsel's failure to raise a claim of ineffective assistance of trial counsel.

6

Downing's failure to allege facts to support his claim of ineffective assistance of trial counsel renders meritless his claim of ineffective assistance of appellate counsel. *See Carridine*, 867 N.W.2d at 494 ("When a petitioner bases his ineffective-assistance-of-appellate-counsel claim on appellate counsel's failure to raise a claim of ineffective assistance of trial counsel, he must first show that trial counsel was ineffective."). We conclude that the postconviction court did not abuse its discretion by summarily denying relief on Downing's postconviction claims without making findings of fact and conclusions of law regarding each of those claims.

**Affirmed.**