*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2010**

Charlie Junior Pryor, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 15, 2016
Affirmed
Smith, Tracy M., Judge**

Ramsey County District Court
File No. 62-K1-04-001974

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney,
St. Paul, Minnesota (for respondent)

        Considered and decided by Smith, Tracy M., Presiding Judge; Worke, Judge; and

Reilly, Judge.

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

        Appellant Charlie Pryor challenges the summary denial of his petition for

postconviction relief as time-barred, arguing that he should be allowed to withdraw his

guilty plea to first-degree controlled-substance crime because of testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL). Pryor contends that his petition meets the newly-discovered-evidence and interests-of-justice exceptions to the two-year time bar. Because Pryor's petition meets neither exception, we affirm.

## FACTS

In January 2004, police officers stopped Pryor's vehicle based on their suspicion that Pryor was involved in buying and selling drugs. Pryor informed the officers that he did not have a driver's license, so the officers had the vehicle towed. The officers searched Pryor's vehicle and discovered two baggies containing what they suspected to be crack cocaine. In a police interview, Pryor stated that he had purchased crack cocaine earlier that day as he had done many times in the past. Pryor further stated that after he buys the crack cocaine, he sells it to other people. The SPPDCL tested and weighed both baggies and confirmed that the baggies contained drugs.

Pryor was charged with first-degree controlled-substance crime. Pryor signed a plea petition, in which he acknowledged the rights he was waiving and that he was making no claim of innocence. Pryor pleaded guilty in exchange for 24 months off the guidelines sentence. The district court accepted Pryor's guilty plea but sentenced him to the guidelines sentence because he failed to appear for sentencing. Pryor appealed, and, on April 30, 2007, we reversed and remanded for resentencing.

On July 18, 2014, Pryor filed a petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea based on testing deficiencies at the SPPDCL that were brought to light in a Dakota County case in July 2012. Pryor

2

contended that his postconviction petition was not time-barred and that he was entitled to relief due to newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The postconviction court denied Pryor's petition without an evidentiary hearing.

Pryor appeals.

## D E C I S I O N

### I.

A person seeking postconviction relief must file a postconviction petition within two years of "an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2) (2012). Any postconviction petition that invokes an exception to the two-year time bar "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2012). Pryor does not argue that his postconviction petition was timely filed; rather, he asserts that his petition meets two exceptions to the two-year time limit: newly discovered evidence and interests of justice. *See id.*, subd. 4(b) (2012).

We review the postconviction court's denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). "We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (quotation omitted).

### *Newly-discovered-evidence exception*

Pryor contends that the SPPDCL testing deficiencies constitute newly discovered evidence. Under the newly-discovered-evidence exception, a court may consider an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence; (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit; (3) the evidence is not cumulative; (4) the evidence is not for impeachment purposes; and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015); *see also* Minn. Stat. § 590.01, subd. 4(b)(2). "'All five criteria must be satisfied to obtain relief.'" *Roberts*, 856 N.W.2d at 290 (quoting *Riley*, 819 N.W.2d at 168). We agree with the postconviction court's determination that Pryor has not satisfied the second and fifth requirements.

Pryor contends that the evidence could not have been discovered within the two-year time limit. In *Roberts*, this court rejected the argument that deficiencies at the SPPDCL could not have been discovered during the two-year time limit. *Id.* at 291. As in *Roberts*, Pryor had access to the test results under discovery rules, did not challenge or otherwise investigate the validity of the SPPDCL test results, and did not request funding to pursue expert review of the test results. *See id.* Pryor's argument that the deficiencies could not have been discovered with due diligence is further undercut by the fact that another petitioner did discover the deficiencies. *See id.*

4

Pryor attempts to distinguish his case from *Roberts* with the affidavit of one of the attorneys who discovered the testing deficiencies at the SPPDCL. In the affidavit, the attorney discusses how she and another attorney were able to discover the testing deficiencies at the SPPDCL and when she believes the problems started. The attorney does not allege that the deficiencies were not possible to detect with due diligence before 2012. Moreover, Pryor does not allege that he attempted to investigate the test results or that anybody prevented him from doing so. *See id.* As such, Pryor has failed to demonstrate that evidence of the SPPDCL's testing deficiencies could not have been discovered within the two-year time limit through the exercise of due diligence. *See* Minn. Stat. § 590.01, subd. 4(b)(2).

Nor has Pryor established his innocence of first-degree controlled-substance crime by clear and convincing evidence. "The innocence prong . . . requires more than mere uncertainty about a petitioner's guilt." *Rhodes v. State*, 875 N.W.2d 779, 788 (Minn. 2016) (quotation omitted). "To prove a claim by clear and convincing evidence, a party's evidence should be unequivocal, intrinsically probable and credible, and free from frailties." *Riley*, 819 N.W.2d at 170 (quotation omitted). In *Roberts*, this court determined that deficiencies at the SPPDCL do not establish innocence under the clear-and-convincing standard. *Roberts*, 856 N.W.2d at 291-92. As in *Roberts*, Pryor has not offered evidence of the substance's chemical composition and he has never claimed, at any level, that the substance was not drugs. *See id.* The complaint indicates that when police talked with Pryor, he told them that he purchased the crack cocaine earlier that day and that it was his practice to sell the drugs he obtained to other individuals. Moreover,

5

at his plea hearing, Pryor admitted that he sold drugs. Pryor has not demonstrated that evidence about the deficiencies at the SPPDCL establishes his innocence by clear and convincing evidence. *See* Minn. Stat. § 590.01, subd. 4(b)(2).

The district court did not abuse its discretion when it determined that the newly-discovered-evidence exception does not apply.

***Interests-of-justice exception***

Pryor also contends that his postconviction petition should be heard under the interests-of-justice exception. An otherwise untimely postconviction petition may be heard if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). The interests-of-justice exception "is reserved for exceptional cases." *Taylor v. State*, 874 N.W.2d 429, 431 (Minn. 2016) (quotation omitted).

> [I]n deciding whether to grant relief in the interests of justice, courts should weigh the degree to which the party alleging error is at fault for that error, the degree of fault assigned to the party defending the alleged error, and whether some fundamental unfairness to the defendant needs to be addressed. [Courts] have also acted in the interests of justice when necessary to protect the integrity of judicial proceedings.

*Gassler v. State*, 787 N.W.2d 575, 587 (Minn. 2010). These factors do not comprise a "rigid test" and "[d]ifferent factors may be dispositive in the unique circumstances of each case." *Carlton v. State*, 816 N.W.2d 590, 608 (Minn. 2012).

Pryor contends that the interests-of-justice exception should be invoked because "it was the fault of the [s]tate that the [SPPDCL deficiencies were] not disclosed earlier,"

6

because "[t]here is a fundamental unfairness that needs to be addressed," and because this court must apply the exception "to protect the fairness, integrity, and public reputation of judicial proceedings." We disagree.

Pryor is "at fault for his failure to discover the problems at the crime lab before he pleaded guilty" because he "had the opportunity to investigate the validity of the test results," but chose not to do so. *See Roberts*, 856 N.W.2d at 293. And there is no fundamental unfairness to address because "it is not fundamentally unfair to hold [Pryor] accountable for his choice to accept the state's scientific evidence at face value and resolve his case with a guilty plea in exchange for a reduced sentence." *See id.* Moreover, there is no need "to act in the interests of justice to protect the integrity of the judicial proceedings" because the postplea discovery of problems at the SPPDCL "does not stem from a flaw in the judicial process" but from Pryor's "decision to waive his right to challenge the state's evidence." *See id.* We find persuasive the reasoning from *Roberts* that allowing Pryor to pursue the withdrawal of a guilty plea that is now over ten years old would not protect the integrity of the judicial proceedings but on the contrary "could negatively affect the integrity or public reputation of the judicial proceeding." *See id.*

The postconviction court did not abuse its discretion when it determined that the interests-of-justice exception does not apply.

**II.**

Pryor also contends that the postconviction court abused its discretion when it refused to grant him an evidentiary hearing. "A postconviction court may summarily

deny a petition for postconviction relief when the petition is time barred." *Wayne v. State*, 866 N.W.2d 917, 919 (Minn. 2015) (quotation omitted). As such, a postconviction court need not hold an evidentiary hearing unless the postconviction petitioner demonstrates an exception to the two-year time bar. *Townsend v. State*, 867 N.W.2d 497, 500 (Minn. 2015); *see also* Minn. Stat. § 590.04, subd. 1 (2012) (stating that a postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceedings conclusively show that the petitioner is entitled to no relief").

Pryor's petition was untimely, and he has not demonstrated the applicability of an exception to the two-year time bar. Consequently, the postconviction court did not abuse its discretion when it denied Pryor's request for an evidentiary hearing.

**Affirmed.**