*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0638**

Jacob William Kinn, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 20, 2026
Affirmed
Bentley, Judge**

Beltrami County District Court
File No. 04-CR-16-2097

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie M. Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

David L. Hanson, Beltrami County Attorney, David P. Frank, Chief Assistant County Attorney, Bemidji, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Schmidt, Judge; and Bentley, Judge.

**NONPRECEDENTIAL OPINION**

**BENTLEY**, Judge

In this appeal from a denial of a postconviction petition without an evidentiary hearing, appellant argues that the district court erred in its determination that the petition is time-barred. Appellant acknowledges that he did not bring the petition within two years of the entry of judgment of conviction or sentence, as is required by Minnesota Statutes

section 590.01, subdivision 4(a)(1) (2024), when a defendant does not file a direct appeal. But he maintains that the interests-of-justice exception to the time limit applies under section 590.01, subdivision 4(b)(5) (2024). We affirm because, even assuming appellant established circumstances justifying the interests-of-justice exception, the availability of that exception is also time-barred under section 590.01, subdivision 4(c) (2024).

## FACTS

The following facts derive from appellant Jacob William Kinn's petition, his affidavit, and transcripts of the underlying criminal proceedings. We include only those details necessary to understand the issues on appeal.

In 2017, respondent State of Minnesota charged Kinn in an amended complaint with second-degree murder without intent while committing a felony, in violation of Minn. Stat. § 609.19, subd. 2(1) (2014); kidnapping, in violation of Minn. Stat. § 609.25, subd. 1 (2014); and criminal sexual conduct in the first degree, in violation of Minn. Stat. § 609.342, subd. 1(a) (2014). At a hearing in early June 2017, Kinn agreed to plead guilty to all three counts and to admit to the elements required for an aggravated sentence on the count of second-degree murder. Following an extensive plea hearing, the district court accepted the pleas. Later that month, the district court entered judgment of convictions and imposed sentences on each count. Kinn did not file a direct appeal from his convictions or sentences because, according to him, he did not think he could appeal following a plea.

In March 2023, while serving his sentence, Kinn took a constitutional law class and learned that he "indeed had a right to one appellate review." Having learned this, he prepared a petition for postconviction relief and filed it in February 2024. The petition invoked the interests-of-justice exception to the two-year statutory time-bar that began to

2

run in June 2017. *See* Minn. Stat. § 590.01, subd. 4(a)(1), (b)(5).[1] He sought relief from his convictions on the basis that his plea was not knowing, voluntary, or intelligent and that he received ineffective assistance of counsel throughout the proceedings.

More specifically, in an affidavit supporting his postconviction petition, Kinn alleged, "Prior to my plea hearing, I asked my attorneys whether I had any options for an appeal following my case, and was told no." He continued, "My attorneys told me that I did not have a right to an appeal because I was pleading guilty, and even if I had the right to appeal, there were no appealable issues." He stated, "My attorneys also told me that, even if they were to file a habeas petition, there would be no Constitutional issues to raise." As a result, Kinn maintained, "I went into my plea hearing believing that: I had no hope of winning at trial, that my attorneys were not helping me because they were not challenging the evidence, and that I would have no right to an appeal even if convicted." Kinn pointed out that, at the plea hearing, the prosecutor asked Kinn, "You understand that if you were convicted after a trial, you would have the right to appeal that decision to a higher court?" The prosecutor followed up stating, "And you understand that by entering guilty pleas today, you're giving up the rights that we just discussed?" Kinn understood that to mean that he would have no right to an appeal.

The district court denied Kinn's petition without an evidentiary hearing. The district court determined that the petition was time-barred because it was filed beyond the two-

---

[1] Kinn's petition also invoked the mental-illness exception under Minnesota Statutes section 590.01, subdivision 4(b)(1) (2024). We do not consider the application of that exception because the district court determined it does not apply and Kinn does not challenge that determination on appeal. *See Brocks v. State*, 753 N.W.2d 672, 675 n.3 (Minn. 2008) ("Failure to brief or argue an issue on appeal results in waiver of that issue on appeal.").

year statutory deadline and did not meet any of the statutory exceptions. In its order, the district court stated,

> To establish the interests of justice Petitioner "must allege an injustice that caused the delay in filing the petition." *Hooper v. State*, 888 N.W.2d 138, 142 (Minn. 2016). This claim accrues "based on an objective 'knew or should have known' standard." *Sanchez v. State*, 816 N.W.2d 550, 559 (Minn. 2012). Petitioner argues he was not informed of his ability to appeal after entering his guilty pleas. However, Petitioner explained in his affidavit that his attorneys said there may have been an opportunity to appeal but that, in their professional opinions, there were no viable issues to raise on appeal. Petitioner fails to satisfy either the requirement that the petition is not frivolous or the requirement that the petition is in the interests of justice.

Addressing his underlying claims, the district court also determined that Kinn "entered his guilty plea knowingly, voluntarily, and intelligently" and that he "fail[ed] to offer any evidence that his attorneys were ineffective or performed unreasonably."

Kinn appeals.

### DECISION

In his counseled brief, Kinn argues that the district court abused its discretion by denying his petition without holding an evidentiary hearing because the interest-of-justice exception to the time limit applies and his petition is not frivolous. Regarding the time-bar, Kinn invokes the interest-of-justice exception on the basis that he was misadvised by his trial counsel that he had no right to appeal and, as a result, he failed to file a timely petition. Kinn elaborates on that argument in his self-represented supplemental brief and raises other arguments that he did not present in the district court. We decline to reach the arguments raised for the first time on appeal. *See Azure v. State*, 700 N.W.2d 443, 447 (Minn. 2005) (noting that "it is well settled that a party may not raise issues for the first time on appeal

4

from denial of postconviction relief"). Accordingly, we turn to Kinn's preserved challenge to the district court's denial of his petition without an evidentiary hearing.

An individual seeking postconviction relief must file a petition in district court within two years of the entry of the judgment of conviction or the disposition of a direct appeal, if taken, unless an exception to that time limit applies. Minn. Stat. § 590.01, subds. 1, 4 (2024). One exception permits an otherwise untimely petition if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." *Id.*, subd. 4(b)(5). This "interests-of-justice exception is only invoked in exceptional and extraordinary situations." *Andersen v. State*, 913 N.W.2d 417, 428 (Minn. 2018) (quotation omitted). To fall within the exception, the interests of justice at issue must relate to the "reason the petition was filed after the 2-year time limit in subdivision 4(a), not the substantive claims in the petition." *Sanchez v. State*, 816 N.W.2d 550, 557 (Minn. 2012) (emphasis omitted). But even if the petitioner establishes the petition is in the interests of justice and not frivolous, the petition still must be filed within two years of the date the interests-of-justice "claim arises." Minn. Stat. § 590.01, subd. 4(c).

If the district court determines that a postconviction petition is time-barred, it may deny the petition without an evidentiary hearing. *See Colbert v. State*, 870 N.W.2d 616, 622 (Minn. 2015) (stating that "a postconviction court may summarily deny a claim that is untimely under the postconviction statute of limitations"). In reaching that decision, the district court must consider the facts alleged in the petition as true and construe them in the light most favorable to the petitioner. *Andersen*, 913 N.W.2d at 422-23. Appellate courts then review a district court's denial of a petition for postconviction relief for an abuse of

discretion. *Colbert*, 870 N.W.2d at 621. The district court "abuses its discretion when it has exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017) (quotation omitted). "Legal issues are reviewed de novo," and factual issues are reviewed for whether the record reasonably supports the findings. *Id.* In their review, appellate courts "are not limited to the reasoning of the postconviction court, and . . . can affirm the denial of postconviction relief on grounds other than those on which the postconviction court relied." *Dukes v. State*, 718 N.W.2d 920, 921-22 (Minn. 2006).

Kinn contends that his petition satisfies the requirements of the interests-of-justice exception because "his trial counsel affirmatively misadvised him that he would not be able to appeal his case because he was pleading guilty." As a result, he did not realize he could appeal his convictions, and he did not file a timely appeal or postconviction petition. Kinn maintains that his counsel's advice was ineffective assistance of counsel and amounts to an injustice within the scope of the interests-of-justice exception because it goes to the reason that he did not file the petition within the two-year statutory time limit. Because of ineffective assistance of counsel, he argues that he neither knew nor should have known that he had a right to appeal until March 2023, when he took the constitutional law class.[2]

As an initial matter, we note that the district court made a clearly erroneous factual finding when it stated, "Petitioner explained in his affidavit that *his attorneys said there*

_____

[2] Kinn also argues that the petition is not frivolous. We do not reach the issue of whether the petition is frivolous because we conclude that the interests-of-justice claim is time-barred under Minnesota Statutes section 590.01, subdivision 4(c), even if he could satisfy the requirements in subdivision 4(b)(5).

6

*may have been an opportunity to appeal* but that, in their professional opinions, there were no viable issues to raise on appeal." (Emphasis added.) As explained above, Kinn's affidavit states to the contrary, that "[his] attorneys told [him] that [he] did not have a right to an appeal because [he] was pleading guilty." To the extent the district court relied on that factual error in determining that Kinn had not met "the requirement that the petition is in the interests of justice," it may have abused its discretion. Nevertheless, for the reasons that follow, we affirm on a different basis. *See Dukes*, 718 N.W.2d at 921-22.

Even assuming, without deciding, that ineffective assistance of counsel prevented Kinn from filing a timely petition and that the interests-of-justice exception could apply, we conclude that he cannot invoke the exception because that interests-of-justice claim arose more than two years before he filed the petition. *See* Minn. Stat. § 590.01, subd. 4(c).

As Kinn acknowledges, courts apply an objective "knew or should have known" standard to determine when a claim arises for purposes of invoking an exception to the statutory time limit. *See id.*; *Sanchez*, 816 N.W.2d at 559; *Pearson v. State*, 946 N.W.2d 877, 884 (Minn. 2020). In a practical sense, that means that a claim arises when the "petitioner knew or should have known of the information that would allow him to *assert* [the] claim that an exception applied." *Aili v. State*, 963 N.W.2d 442, 447 (Minn. 2021). In other words, "[a] petitioner knows or should know about that claim when he has information that allows him to make such an argument." *Id.*; *see also Bolstad v. State*, 878 N.W.2d 493, 496-97 (Minn. 2016) (concluding that the petitioner knew or should have known about his interests-of-justice claim, which stemmed from the district court's response to a jury question, at the time of trial). Here, even taking the averments in Kinn's petition and affidavit as true, Kinn was aware of the facts that establish his interests-of-

justice claim after his trial attorneys gave him the advice about his appeal rights, causing him not to file a direct appeal—in 2017. It is irrelevant for purposes of determining when the interests-of-justice claim arose that Kinn was not subjectively aware of his right to appeal until he took the constitutional law class in 2023. *See Sanchez*, 816 N.W.2d at 559 (rejecting the argument that "an interests-of-justice claim based on ineffective assistance of counsel can arise only once a petitioner subjectively knows that his counsel was ineffective" (emphasis omitted)).

In sum, Kinn cannot invoke the interests-of-justice exception to the statutory time limit for postconviction relief because his interests-of-justice claim arose in 2017, which is more than two years before he filed his petition. *See* Minn. Stat. § 590.01, subd. 4(c). And because his petition is time-barred under section 590.01, subdivision 4(a)(1), the district court did not abuse its discretion in denying the petition without an evidentiary hearing. *See Colbert*, 870 N.W.2d at 622.

**Affirmed.**